**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 93-4816
Summary Calendar

KIN SANG CHOW,

Petitioner,

VERSUS

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

Petition for Review of an Order
of the Board of Immigration Appeals
(A18 998 312)

(November 23, 1993)

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Kim Sang Chow, a native of Hong Kong and citizen of the United Kingdom, entered the United States on June 16, 1971, as a lawful permanent resident. On November 10, 1977, he was convicted of possession of a .25 caliber automatic pistol. Subsequently, he was convicted of using a telephone to facilitate distribution and possession with intent to distribute heroin in violation of 21 U.S.C. § 843(b).

Deportation proceedings commenced against Chow on July 17,

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

1992. An immigration judge ("IJ") denied his application for waiver of deportation, and the Board of Immigration Appeals ("BIA") affirmed that denial. Chow petitions for review of the BIA's decision. Finding that the decision was within the BIA's discretion, we deny the petition.

## I.

Chow was charged with deportability under § 241(a)(2)(B)(i) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1251(a)(2)(b)(i), based upon the controlled substances violation. He was further charged with deportability under § 241(a)(2)(iii) of the Act, 8 U.S.C. § 1251(a)(2)(iii), as an aggravated felon. Finally, Chow was charged with deportability under § 241(a)(2)(C) of the Act, 8 U.S.C. § 1251(a)(2)(C), because of the firearms conviction.

The deportation hearing commenced on August 17, 1992, at Oakdale, Louisiana. Chow was represented by his current counsel, Lawrence Fabacher. The hearing was adjourned when Chow's counsel agreed to submit a memorandum arguing against deportability. The memorandum was filed on September 2, 1992.

Chow filed a motion for change of venue on September 15, 1992. His counsel argued that Chow, who had been released on bond, had returned to his permanent residence in Illinois and had retained Illinois counsel. Chow argued that the deportation hearing should be held in Illinois.

On September 17, 1992, Chow's Louisiana counsel, Fabacher,

filed a motion to withdraw as counsel of record. The INS opposed the proposed venue change on September 18, 1992. The deportation hearing resumed on September 21, 1992, in Louisiana. The IJ stated that he wanted Fabacher to continue representing Chow until deportability was resolved.

On October 12, 1992, Chow's Illinois counsel, Robert Ahlgren, filed a motion for change of venue to Chicago. The hearing resumed in Louisiana on October 16, without Chow's presence. Fabacher was present via telephone, and another Louisiana attorney represented Chow in the courtroom. The IJ announced that Ahlgren had called the previous day to say that he would be present in his office at the time of the hearing. In face, he was not present in his office at that time.

The IJ said that he had taken the motion to change venue under advisement because he wished to determine whether Chow was deportable and, if so, whether he was eligible for relief from deportation. The IJ also refused to grant Fabacher's motion to withdraw.

Based upon Chow's 1977 weapons conviction, the IJ found him deportable as charged under § 241(a)(2)(C) as an alien convicted of a firearms violation. The IJ also found that Chow was deportable under § 241(a)(2)(B)(i) as an alien convicted of a controlled substance violation on the basis of his drug-related conviction. The IJ further determined that that drug-related conviction did not support a finding of deportability under § 241(a)(2)(A)(iii) for conviction of an aggravated felony.

3

The IJ ordered deportation to the United Kingdom and denied Chow's application for relief from deportation under 8 U.S.C. § 1182(c). Chow appealed this decision to the BIA, which received briefs and heard oral argument, then dismissed the appeal on April 13, 1993.

## II.

Chow first contends that the BIA erred in concluding that the IJ correctly determined that his 1977 conviction for possession of a pistol supported a finding of deportability under § 241(a)(2)(C). A two-prong standard of review applies to cases such as these. Iredia v. INS, 981 F.2d 847 (5th Cir. 1993).

First, interpretations of ambiguous law by an executive agency are accorded considerable weight and deference. Chevron, U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837 (1984). This court has accepted the Chevron standard and upheld reasonable agency interpretations of governing law when that law did not speak unequivocally to the question at hand. National Grain & Feed Ass'n v. Occupational Safety & Health Admin., 866 F.2d 717 (5th Cir. 1988).

After considering the legal standard under which the INS should operate, we review the BIA's findings under the substantial evidence test, Rojas v. INS, 937 F.2d 186 (5th Cir. 1991) (per curiam), which requires only that the BIA's conclusion be based upon the evidence presented and that it be substantially reason-able, Animashaun v. INS, 990 F.2d 234 (5th Cir. 1993), petition for

4

cert. filed (Aug. 9, 1993) (No. 93-5539).

Chow argues that because his conviction occurred prior to enactment of § 241(a)(2)(C), the legislation is not retroactive and therefore is inapplicable to him. Furthermore, Chow argues that § 241(a)(2)(C) of the Act originally was embodied in § 241(a)(14). Chow asserts that that section later was expanded by § 2348 of the Anti-Drug Abuse Act of 1988, which was made applicable only to aliens convicted on or after the date of the enactment of that Act.

The BIA correctly noted, however, that Chow was not found deportable under former § 241(a)(14); instead, he was found deportable under § 241(a)(2)(C), which was made applicable to proceedings for which notice was provided to the alien on or after March 1, 1991. See § 602(d) of the Immigration Act of 1990. Section 241(a)(2)(C) provides,

> Any alien who at any time after entry is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device (as defined in Section 921(a) of Title 18) is deportable. [Emphasis added.]

That section, enacted in 1990, completely supersedes all former versions of legislation dealing with deportation for firearm offenses. We conclude that the BIA was justified in finding that Chow violated § 241(a)(2)(C) and that the BIA's decision was reasonable in accordance with Chevron.

III.

Chow next challenges the INS's interpretation of § 212(c) of

5

the Act, 8 U.S.C. § 1182(c), which is a question of law reviewed <u>de novo</u>. <u>Fonseca-Leite v. INS</u>, 961 F.2d 60 (5th Cir. 1992). Yet, because Congress has delegated the administration of the statutory scheme to the INS, its interpretation is entitled to strong deference. <u>Chevron</u>, 467 U.S. at 844. <u>See also</u> <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421 (1987). The IJ found, and the BIA agreed, that Chow was ineligible for a waiver under § 212(c) because there is no exclusion provision in § 212(a) corresponding to the deportation ground for conviction of a firearms violation.

Section 212(c) allows the Attorney General, in his discretion, to grant relief from orders of deportation to "aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years." We have recognized that a § 212(c) waiver is available in deportation proceedings only to those aliens who have been found deportable under a charge of deportability for which there is a comparable ground of excludability. <u>In re Hernandez-Casillas</u>, 983 F.2d 231 (5th Cir. 1993) (unpublished).

The First Circuit has addressed the issue of whether § 212(c) authorizes the granting of discretionary relief to aliens convicted of possession of a firearm without a license. In <u>Campos v. INS</u>, 961 F.2d 309 (1st Cir. 1992), the petitioner was convicted in Rhode Island for carrying a .22 caliber Bernadelli pistol without a

license, in violation of a state statute.[1] On June 8, 1990, the INS issued an order requesting him to show cause why he should not be deported.

At his June 29, 1990 deportation hearing, Campos admitted that he was deportable on the grounds enumerated in the order to show cause. He expressed, however, a desire to apply for relief from deportation under § 212(c). The INS concluded that the firearms conviction removed Campos from any possibility of § 212(c) relief.

Campos appealed, alleging that Congress never intended to deprive aliens convicted of illegal possession of a firearm of the possibility of seeking § 212(c) relief. The First Circuit affirmed the BIA's interpretation of § 212(c) and held that it did not authorize relief to aliens facing deportation for firearms violations, in that such ground of deportation was not one of the grounds of exclusion referenced in the statute. Similarly, we reject Chow's argument that § 212(c) can be applied in cases where there is no comparable ground of excludability.

IV.

The BIA also found that Chow's deportability under § 241(a)(2)(B)(i), as an alien convicted of a controlled substance violation, was established by his conviction under 21 U.S.C. § 843(b) for using a telephone to facilitate the crimes of distribution of and possession with intent to distribute heroin.

---

[1] Campos also was convicted in state court for possession of heroin with intent to distribute and possession of cocaine in February 1989.

We recently explained the BIA's balancing test for considering applications under § 212(c):

> The immigration judge must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of section 212(c) relief appears in the best interests of the country. . . . Among the factors deemed adverse to a respondent's application have been the nature and underlying circumstances of the exclusion ground at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record, and if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country . . . . Favorable considerations have been found to include such factors as family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred while the respondent was of young age), evidence of hardship to the respondent and family if deportation occurs, service in this country's Armed [sic] forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of a genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character.

Diaz-Resendez v. INS, 960 F.2d 493, 495-96 (5th Cir. 1992) (quoting In re Marin, 16 I&N Dec. 581 (BIA 1978) (ellipses in Diaz-Resendez)).  We also stated that "applicants for discretionary relief who have been convicted of serious drug offenses must show `unusual or outstanding equities.'"  Id. at 496.  Given Chow's conviction under § 241(a)(2)(B)(i), along with his extensive criminal record, the BIA would have been justified in denying relief to him under § 212(c), even if he would have been eligible to apply for a waiver.

V.

8

Chow also argues that the IJ erred in proceeding to a conclusory hearing without ruling on his pending motion for change of venue or his motion to withdraw as counsel of record. We employ the abuse of discretion standard in reviewing procedural challenges.

The decision of whether to grant a change of venue is committed to the IJ's sound discretion and will not be overturned except for an abuse of that discretion. Baires v. INS, 856 F.2d 89 (9th Cir. 1988). Given this broad discretion, we conclude that it was not unreasonable for the IJ to proceed with a determination of deportability prior to ruling on Chow's motion to change venue.

Similarly, the BIA did not abuse its discretion in affirming the IJ's refusal to hear the motion to withdraw prior to determining the issue of deportability. Not only did the IJ grant Chow's Illinois attorney the opportunity to attend the deportation hearing via telephone, but the IJ ordered that the Louisiana attorney represent Chow at the hearing.


VI.

Finally, Chow asserts that the IJ erred in failing to afford him the opportunity to apply for political asylum. Again, this procedural challenge is reviewed pursuant to the abuse of discretion standard.

Chow has failed to cite any authority that would have required the IJ to explain asylum procedures to him. It is well established that an IJ does not have an obligation to explain asylum procedures

9

unless the immigrant expresses some reluctance to return to his homeland.  <u>Ogbemudia v. INS</u>, 988 F.2d 595 (5th Cir. 1993).  Although Chow declined to name a country for deportation, he did not express any reluctance to being returned to the United Kingdom.  We conclude that it was not an abuse of discretion for the BIA to affirm the order that Chow be returned to the United Kingdom.

For the foregoing reasons, the petition for review is DENIED.

10