# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3515

_____

|  |  |  |
|---|---|---|
| Kao Vue, | * | |
| | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Petition for Review from the Board |
| | * | of Immigration Appeals. |
| Alberto Gonzales, Attorney General | * | |
| of the United States of America, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| | * | |

_____

Submitted: June 13, 2007
Filed: August 7, 2007 **(Corrected 10/31/07)**

_____

Before BYE, RILEY, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Kao Vue challenges the final order of the Board of Immigration Appeals (BIA) denying his special motion to reopen for consideration of relief under repealed § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). Having jurisdiction under 8 U.S.C. § 1252(a)(2)(D), this court affirms.

## I.

In December 1989, Vue, a Laotian citizen, was admitted to the United States as a refugee. In 1991, he became a lawful permanent resident. In 1993, he pled guilty to first degree assault under Minn. Stat. § 609.221.

Due to this conviction, the Immigration and Naturalization Service charged that he was subject to deportation on two legal grounds: committing (1) a crime involving moral turpitude (CIMT), 8 U.S.C. § 1251(a)(2)(A)(i), and (2) an aggravated felony – a crime of violence, 8 U.S.C. § 1251(a)(2)(A)(iii), as defined in 8 U.S.C. § 1101(a)(43). Vue admitted deportability. The immigration judge found him deportable on both grounds. The BIA affirmed.

Vue twice moved the BIA to reopen under repealed § 212(c) of the INA,[1] which waives deportation under certain circumstances. The BIA denied the motions. Vue appeals.

## II.

This court reviews the BIA's determinations on questions of law de novo, but gives substantial deference to its statutory interpretations. *Jamieson v. Gonzales,* 424 F.3d 765, 767 (8th Cir. 2005); *Habtemicael v. Ashcroft,* 370 F.3d 774, 779 (8th Cir. 2004); *see also Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 842-43 (1984) ("If the intent of Congress is clear, that is the end of the matter,"

---

[1]Although § 212(c) discretionary relief was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Supreme Court held "that § 212(c) relief remains available for aliens, like respondent, whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *See INS v. St. Cyr,* 533 U.S. 289, 326 (2001).

but "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute").

## A.

Vue contends that the BIA violated his "guarantee of equal protection under the constitution by denying his motion to reopen to seek § 212(c) relief." That section provided:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General. . . .

By its literal language, § 212(c) relief was available only in exclusion proceedings, not deportation proceedings. *See St. Cyr,* 533 U.S. at 295 ("§ 212(c) was literally applicable only to exclusion proceedings"). However, judicial and administrative decisions have expanded the scope of § 212(c) to allow waivers of deportation under certain circumstances. *See generally id.* at 295 (§ 212(c) has "been interpreted by the Board of Immigration Appeals (BIA) to authorize any permanent resident alien with a lawful unrelinquished domicile of seven consecutive years to apply for a discretionary waiver from deportation"); *see also Francis v. INS,* 532 F.2d 268, 273 (2d Cir. 1976) (equal protection clause violated when § 212(c) waiver was available to lawful permanent residents who departed and returned to the United States – but unavailable to those who never left the country).

The BIA has adopted the statutory counterpart analysis, where "section 212(c) can only be invoked in a deportation hearing where the ground of deportation charged is also a ground of inadmissibility." *In re Wadud,* 19 I. & N. Dec. 182, 184 (B.I.A. 1984). This court, like seven other circuits, approved this analysis. *See Soriano v.*

***Gonzales,*** 489 F.3d 909, 909 (8th Cir. 2006) (*per curiam*), *citing **In re Blake,*** 23 I. & N. Dec. 722, 723-29 (B.I.A. 2005) ("We agree with the BIA that Soriano was ineligible for a waiver of removability . . . because the ground for which he was found removable . . . does not have a statutory counterpart in the grounds of inadmissibility listed in INA § 212(a)"); ***United States v. Vieira-Candelario,*** 6 F.3d 12, 13-14 (1st Cir. 1993) ("relief is only available, however, if the ground for deportation is one for which an alien could initially have been *excluded* from the country under section 212(a) of the Act"); ***Caroleo v. Gonzales,*** 476 F.3d 158, 162 (3d Cir. 2007) ("In order for Caroleo to establish his eligibility for § 212(c) relief, he must demonstrate . . . that the basis for his removal has a 'statutory counterpart' ground for exclusion in INA § 212(a)"); ***Chow v. INS,*** 12 F.3d 34, 38 (5th Cir. 1993) ("a § 212(c) waiver is available in deportation proceedings only to those aliens who have been found deportable under a charge of deportability for which there is a comparable ground of excludability"); ***Gjonaj v. INS,*** 47 F.3d 824, 827 (6th Cir. 1995) ("Numerous courts have held there must be a comparable ground of exclusion for an alien in deportation proceedings to be eligible for section 212(c) relief. We decline to change this well-established rule"); ***Valere v. Gonzales,*** 473 F.3d 757, 762 (7th Cir. 2007) ("Because there is no statutory counterpart in § 212(a) for his crime of indecent assault of a minor, Valere is not similarly situated to an inadmissible, returning alien who is eligible to apply for § 212(c) relief"); ***Abebe v. Gonzales,*** __ F.3d __, No. 05-76201, slip op. 8099, 8123 (9th Cir. filed July 9, 2007) (§ 212(c) relief denied because "the aggravated felony/sexual abuse of a minor ground under which Abebe was found deportable is not substantially identical to the CIMT ground of exclusion"); ***Rodriguez-Padron v. INS,*** 13 F.3d 1455, 1459 (11th Cir. 1994) (§ 212(c) relief not available when there was no comparable ground of exclusion).

Here, Vue's conviction of an aggravated felony – a crime of violence – made him deportable. Because this ground of deportation does not have a statutory counterpart in § 212(a), he cannot claim § 212(c) relief. This also defeats his equal protection claim. *See **Valere,*** 473 F.3d at 762 ("If the removable alien's crime of

-4-

conviction is not substantially equivalent to a ground of inadmissibility under § 212(a), then the removable alien is not similarly situated for purposes of claiming an equal protection right to apply for § 212(c) relief"); ***Rodriguez-Padron,*** 13 F.3d at 1459 ("the denial of availability of 212(c) waiver to Petitioners has a rational basis and consequently does not violate their right to equal protection of the law").

Vue urges that this court follow ***Blake v. Carbone,*** 489 F.3d 88, 100 (2d Cir. 2007), which concludes that the "comparable grounds analysis fails to comport with *Francis.*" *See **Francis v. INS,*** 532 F.2d 268, 273 (2d Cir. 1976). Although the second circuit recognized its "holding is at odds with that reached by several other circuits," it determined that "if petitioners' underlying aggravated felony offenses could form the basis of a ground of exclusion, they will be eligible for a § 212(c) waiver." *See **Blake,*** 489 F.3d at 103-104. According to the court, "Were we to approve of these other courts' formulaic approach – limiting ourselves only to the language in the relevant grounds of deportation and exclusion – we would be ignoring our precedent that requires us to examine the circumstances of the deportable alien, rather than the language Congress used to classify his or her status." ***Id***. at 104.

The *Blake* case, however, is contrary to this court's precedent in *Soriano* – which is controlling. *See **Soriano,*** 489 F.3d at 909 (petitioner ineligible for a waiver of removability because there was no statutory counterpart in the grounds of inadmissibility).[2] Moreover, because there is no statutory counterpart, Vue is not similarly situated to an inadmissible alien. *See **Campos v. INS,*** 961 F.2d 309, 316 (1st Cir. 1992) (no equal protection violation because "Campos is being treated no differently from any other alien convicted of a crime that is a ground for deportation but has no corresponding ground for exclusion"); ***Caroleo,*** 476 F.3d at 163 ("The

---

[2]As relevant precedent of this court, Vue cites *Shah v. Reno*, 184 F.3d 719 (8th Cir. 1999). *Shah* considers only jurisdiction and retroactivity. ***Id.*** at 724. *Shah* does not address equal protection or the statutory counterpart analysis.

principle that § 212(c) is available in removal proceedings only where the ground for removal has a statutory counterpart ground for exclusion has been firmly in place and consistently applied since at least 1991"); *Vo v. Gonzales,* 482 F.3d 363, 372 (5th Cir. 2007) (§ 212(c) relief "has only been extended to those for whom the ground of deportability has a comparable ground of inadmissibility. Vo does not fall into this limited category . . . and there is therefore no equal protection violation"); *Valere,* 473 F.3d at 762 ("the requirement of a comparable ground of exclusion in § 212(a) – a "statutory counterpart"– is what makes a removable, nondeparting alien similarly situated to an inadmissible alien in the first place"); *Komarenko v. INS,* 35 F.3d 432, 435 (9th Cir. 1994) (petitioner "not denied his constitutional right to equal protection of the law" when the ground for deportation was not "substantially identical" to the ground for exclusion); *Farquharson v. U.S. Attorney Gen.,* 246 F.3d 1317, 1325 (11th Cir. 2001) ("we hold that the BIA's decision that Farquharson is ineligible for a waiver of deportation under § 212(c) of the INA does not violate Farquharson's right to equal protection"). *See also Jurado-Gutierrez v. Greene,* 190 F.3d 1135, 1152 (10th Cir. 1999) ("we need not determine whether deportable and excludable aliens are similarly situated because, even assuming they are, we find a rational basis for the differentiation in § 212(c)"); *Avilez-Granados v. Gonzales,* 481 F.3d 869, 873 (6th Cir. 2007) (citing *In re Azurin,* 23 I. & N. Dec. 695, 698 (B.I.A. 2005), and holding that petitioner married to American citizen "is ineligible to apply for relief under INA § 212(c), as his crime lacks a statutory counterpart ground of inadmissibility in INA § 212(a). . . . However, because he should have been granted an opportunity to apply for an adjustment of status before the IJ, we remand"). *See generally Kim v. Gonzales,* 468 F.3d 58, 63 (1st Cir. 2006) ("Congress never itself created waiver authority for those deported for aggravated felonies or crimes of violence . . . and Congress' own views on the subject of waivers are reflected in its repeal of section 212(c) in its entirety").

Vue next contends that the BIA's interpretation of INA § 212(c) violates the *St. Cyr* holding that relief be determined by the law in effect at the time of the plea agreement. Vue similarly asserts that the BIA abused its discretion in denying the motion to reopen "because it departs from established policies recognizing that a serious assault constitutes a crime involving moral turpitude." These contentions rely on the premise that Vue could have obtained § 212(c) relief in 1993 when he pled guilty.

At the time of his plea, the law was well settled that a deportee could obtain § 212(c) relief only if there was a comparable ground for inadmissibility. *See, e.g., Campos v. INS,* 961 F.2d 309, 312-13 (1st Cir. 1992) (refusing 212(c) relief to alien charged with an offense not listed in 212(a)); *Chow,* 12 F.3d at 38 ("a § 212(c) waiver is available in deportation proceedings only to those aliens who have been found deportable under a charge of deportability for which there is a comparable ground of excludability"); *Leal-Rodriguez v. INS,* 990 F.2d 939, 952 (7th Cir. 1993) ("To hold that the same form of discretionary relief must be available to aliens deportable for different, but arguably comparable, violations is to interfere again, on an even weaker rationale, with Congress's scheme for regulating aliens"); *Cabasug v. INS,* 847 F.2d 1321, 1326 (9th Cir. 1988) (§ 212(c) relief unavailable unless the ground of deportation was "substantially identical in the exclusion and deportation statutes"). *See also In re Montenegro,* 20 I. & N. Dec. 603, 604 (B.I.A. 1992) ("a section 212(c) waiver is available in deportation proceedings only to those aliens who have been found deportable under a charge of deportability for which there is a comparable ground of excludability"); *In re Meza,* 20 I. & N. Dec. 257, 258 (B.I.A. 1991) ("a section 212(c) waiver is available in deportation proceedings only to those aliens who have been found deportable under a ground of deportability for which there is a comparable ground of excludability"); *In re Hernandez-Casillas,* 20 I. & N. Dec. 262

(B.I.A. 1990, A.G. 1991) ("a lawful permanent resident of the United States, who has been found deportable under section 241(a)(2) . . . is ineligible for a waiver under section 212(c) of the Act because there is no ground of exclusion which is comparable to the entry without inspection ground of deportation"); *see also In re Wadud,* 19 I. & N. Dec. at 184 (same); *In re Granados,* 16 I. & N. Dec. 726, 728 (B.I.A. 1979) (same). *See generally Valere v. Gonzales,* 473 F.3d 757, 762 (7th Cir. 2007)("The statutory counterpart rule for deportees seeking to invoke § 212(c) appears in the case law as far back as the late 1970s").

Vue cannot establish that he would have been eligible for § 212(c) relief when he pled guilty. Similarly, his contention – that the BIA's interpretation of 8 C.F.R. § 1212.3(f)(5) is not reasonable because it is "based on a regulation enacted more than 10 years after" his plea – also fails. 8 C.F.R. § 1212.3(f)(5) provides:

> An application for relief under former section 212(c) of the Act shall be denied if . . . . The alien is deportable under former section 241 of the Act or removable under section 237 of the Act on a ground which does not have a statutory counterpart in section 212 of the Act."

8 C.F.R 1212.3(f)(5) merely codifies established law. *See Valere,* 473 F.3d at 761 (rejecting the argument that § 1212.3(f)(5) impaired petitioners right to § 212(c) eligibility because he "never had any right to § 212(c) eligibility. . . . Section 1212.3(f)(5) is simply the agency's codification of this preexisting, judicially created rule"); *see also Blake,* 489 F.3d at 98-99 ("The statutory counterpart rule does nothing more than crystallize the agency's preexisting body of law and therefore cannot have an impermissible retroactive effect").

Vue's conviction of an aggravated felony was one of the two legal grounds for deportation. That his aggravated felony was also a CIMT is irrelevant. *See Kim v. Gonzales,* 468 F.3d 58, 62 (1st Cir. 2006) ("we conclude that it would not matter even

if Kim's actions in this instance could be considered a crime of moral turpitude *as well as* an aggravated felony and crime of violence" because "there is no waiver authority for one who is excluded as an aggravated felon or one who commits a crime of violence") (emphasis in original); ***Caroleo v. Gonzales,*** 476 F.3d 158, 168 (3d Cir. 2007) ("It is therefore irrelevant that Caroleo's conviction for attempted murder could have subjected him to removal as an alien convicted of a crime of moral turpitude . . . . Once the government has categorized his offense as a 'crime of violence' in removal proceedings . . . our § 212(c) inquiry focuses on whether *this statutory ground* for removal is substantially equivalent to any of the statutory grounds for exclusion contained in INA § 212(a)") (emphasis in original).  The BIA thus did not abuse its discretion in denying Vue's motions to reopen.  *See* ***INS v. Doherty,*** 502 U.S. 314, 323 (1992) ("The granting of a motion to reopen is . . . discretionary" and "the Attorney General has broad discretion to grant or deny such motion").

III.

The judgment of the BIA is affirmed, and the petition denied.

BYE, Circuit Judge, concurring.

Although I agree with the reasoning and result in Blake v. Carbone, 489 F.3d 88 (2d Cir. 2007), our panel is bound by the now-published decision in Soriano v. Gonzales, 489 F.3d 909 (8th Cir. 2006).  I therefore concur in affirming the order of the Board of Immigration Appeals.

_____