Clete Noel BIRKETT a/k/a
Clete Johnson

v.

ATTORNEY GENERAL OF
the UNITED STATES

Clete Noel Birkett, Petitioner.

No. 06–3253.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Under Third Circuit LAR 27.4 and
I.O.P. 10.6 Sept. 6, 2007.

Filed Oct. 31, 2007.

Clete Noel Birkett, New York, NY, pro se.

Richard M. Evans, Joan E. Smiley, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: SLOVITER, MCKEE and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

Clete Noel Birkett, a native and citizen of Trinidad and Tobago, petitions for review of an order of the Board of Immigration Appeals (BIA), denying his request for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act (INA). We will deny the petition.

Birkett entered the United States as a lawful permanent resident in 1981. He was convicted of attempted sale of a controlled substance (cocaine) in the third degree in violation of New York law on June 9, 1988 and was sentenced to five years probation. A.R. 439. He was ordered

deported, but in March 2002 the case was remanded by the BIA to the Immigration Judge (IJ), for consideration of whether Birkett would be eligible for a waiver of deportation under INA § 212(c), pursuant to *INS v. St. Cyr*, 533 U.S. 289, 295, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (holding that " § 212(c) relief remains available for aliens whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect."). A.R. 371–72. On remand, the Government added a charge of removability for a May 25, 1993 robbery conviction for which Birkett was sentenced to a term of 10 to 20 years in prison. A.R. 491. In a decision dated September 23, 2003, the IJ (sitting in Napanoch, New York) determined that Birkett was not eligible for § 212(c) relief, because he had by that time served more than five years in prison for aggravated felonies. A.R. 302–06. The BIA affirmed on February 14, 2003. A.R. 232.

In December 2004, Birkett filed a § 2241 petition in the United States District Court for the Southern District of New York. In an order entered June 6, 2005, that Court vacated the BIA's February 14, 2003 order,[1] and remanded to the BIA with directions to remand to the IJ to conduct a hearing concerning § 212(c) relief based on a recent Second Circuit case. A.R. 162.

Venue was transferred on Birkett's motion from Napanoch, New York to York, Pennsylvania. A.R. 166. The IJ found that Birkett was ineligible for § 212(c) relief, citing *Matter of Brieva*, 23 I. & N.

Dec. 766 (BIA 2005), because the aggravated felony grounds for Birkett's deportation (crime of violence (robbery)) does not have a statutory counterpart in § 212(a). A.R. 36–46. The IJ held in the alternative that if he was wrong about the law, then he would grant § 212(c) relief. *Id.* On June 20, 2006, the BIA, 2006 WL 2183538, held that the IJ properly found that Birkett was not eligible for relief based on *Brieva* and *Matter of Blake*, 23 I. & N. Dec. 722, 728 (BIA 2005) (a case also involving the "statutory counterpart" issue), and thus declined to reach the IJ's alternative holding. A.R. 2–3. Birkett, proceeding *pro se*, filed a timely petition for review.

Because similar issues were pending in another appeal, this Court granted Birkett's motion for a stay of removal and stayed the appeal pending a decision in *Caroleo v. Gonzales*, No. 05–3762. An opinion was filed in that case on February 7, 2007. *Caroleo v. Gonzales*, 476 F.3d 158 (3d Cir.2007). The Clerk directed the parties in this case to "file written responses regarding the effect of that decision on the instant case." The Government filed a motion to dismiss for lack of jurisdiction, and Birkett also filed a response. After considering both parties' responses, we entered an order noting that it appeared the Court would have jurisdiction to consider Birkett's legal arguments, but asking the parties to address the question of whether summary affirmance might be in order in light of the Court's decision in *Caroleo*.[2] The Government responded with a motion for summary affirmance and Birkett indicated his opposition to summary affirmance and also requested an abeyance in

---

1. The Court order references a February 14, 2004 order, but that is apparently a typographical error.

2. We confirm that we have jurisdiction pursuant to 8 U.S.C. § 1252 to review legal and

constitutional questions raised by an alien removable for certain criminal convictions. *Jeune v. Attorney General*, 476 F.3d 199, 201 (3d Cir.2007).

order to secure counsel for his representation.

## I.

Prior to the enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), INA § 212(c) provided that certain aliens were inadmissible, but granted the Attorney General discretion to waive removal in the case of lawful permanent residents who had resided in the United States for at least seven years, so long as they had served less than five years in prison for an aggravated felony. *See United States v. Torres*, 383 F.3d 92, 95–96 (3d Cir.2004).[3] The section applied by its terms to legal permanent residents who "proceeded abroad voluntarily ... and who are returning to a lawful unrelinquished domicile of seven consecutive years," but was interpreted to also apply as a waiver of deportation for permanent resident aliens still in the United States. However, the BIA has held that § 212(c) applied to waive only those charges of deportability for which there was a comparable ground of inadmissibility. *See e.g., Matter of Wadud*, 19 I. & N. Dec. 257 (BIA 1991).

In *Caroleo*, this Court approved of the BIA's reasoning and the reasoning of other courts that have held that in order to be eligible for § 212(c) relief, the statutory ground for the alien's removal must have a substantially identical counterpart in the statutory grounds for exclusion. *Id.* at 168. The alien in *Caroleo* was charged with being removable for having committed a crime of violence—attempted murder. There is no "crime of violence" ground of exclusion in the INA. This Court held that it was irrelevant that Caroleo could have been charged as being removable for having committed a crime involving moral turpitude (which *does* have a statutory counterpart in the grounds of exclusion); the Court stated:

> Once the government has categorized his offense as a "crime of violence" in removal proceedings, and that categorization has been upheld, our § 212(c) inquiry focuses on whether this *statutory ground* for removal is substantially equivalent to any of the statutory grounds for exclusion in INA § 212(a).

*Caroleo*, 476 F.3d at 168 (emphasis in original).[4] Because there is no "crime of violence" ground for exclusion, Caroleo was ineligible for a § 212(c) waiver.

Similarly, Birkett was charged with deportability for having committed a crime of violence (robbery). As there is no statutory counterpart in § 212(a), Birkett is ineligible for § 212(c) relief. In his response, Birkett argues that his case is different from Caroleo's because unlike Caroleo, he committed his crime and was convicted before 1996.[5] While this is true, he still faces the same problem as Caro-

---

3. Section 440(d) of AEDPA, which became effective on April 24, 1996, amended § 212(c) to preclude relief for certain criminal aliens, including those who committed aggravated felonies. On September 30, 1996, Congress repealed § 212(c) relief altogether, and replaced it with a very narrow "cancellation of removal" provision. *Perez v. Elwood*, 294 F.3d 552, 556 (3d Cir.2002). The effective date of the repeal of § 212(c) is April 1, 1997. *Id.* at 555.

4. The Second Circuit takes a different view, holding that an alien is eligible for § 212(c) relief if his crime *could* form the basis of a ground of exclusion as a crime involving moral turpitude, regardless of whether the alien was actually charged with being removable on that basis. *Blake v. Carbone*, 489 F.3d 88, 98–99 (2d Cir.2007).

5. At issue in *Caroleo* was the factual question of whether the petitioner had established that he agreed to plead guilty before April 24, 1996. The Court did not need to reach the issue, as it found that Caroleo's crime had no statutory counterpart in § 212(a). *Caroleo*, 476 F.3d at 162–63.

leo—that is, that there is no statutory counterpart in § 212(a) for his crime.

■ Birkett also argues that the retroactive application of the BIA's holdings in *Brieva* and *Blake* to him is impermissible, *see INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); because those cases do not reflect the "law then in effect" at the time of his conviction. We disagree. As the Court noted in *Valere v. Gonzales*, 473 F.3d 757, 761 (7th Cir.2007), "The 'statutory counterpart' rule for deportees seeking to invoke § 212(c) appears in the case law as far back as the late 1970s," thus, imposition of the rule is not impermissibly retroactive. *See also Vue v. Gonzales*, 496 F.3d 858, 862 (8th Cir.2007) ("statutory counterpart" rule well-settled in 1993); *Abebe v. Gonzales*, 493 F.3d 1092, 1105 (9th Cir.2007) ("*Blake* and *Brieva* do not represent a change in the law").[6]

For the foregoing reasons, we will deny the petition for review.[7]

---

**6.** Although as noted, *supra*, note 4, we disagree with the Second Circuit's holding concerning the interpretation of the statutory counterpart rule, we note that the Second Circuit does agree with several of its sister courts that application of the statutory counterpart rule is not impermissibly retroactive. *Blake*, 489 F.3d at 98–99 (statutory counterpart rule of *Blake* and *Brieva* "does nothing more than crystallize the agency's preexisting body of law and therefore cannot have an impermissible retroactive effect").

**7.** Birkett's motion to hold the petition in abeyance while he seeks counsel is denied. Because the outcome of his petition is dictated by our recent decision in *Caroleo*, we do not believe that the input of counsel would be helpful to Birkett.