**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TERESA ALVAREZ,

　　　　　Petitioner,

v.

MICHAEL B. MUKASEY,
United States Attorney General,

　　　　　Respondent.

No. 07-9528
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **PORFILIO**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Under former § 212(c) of the Immigration and Nationality Act (INA), a lawful permanent resident subject to removal can apply for a discretionary waiver of removal—often referred to as § 212(c) relief—if, among other things, the ground for removal has a "comparable ground" (also referred to as "statutory

---

[*]　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

counterpart") of inadmissability under former § 212(a) of the INA. Teresa Alvarez seeks review of a final order of removal issued by the Board of Immigration Appeals (BIA), vacating an Immigration Judge's (IJ's) grant of her application for § 212(c) relief. She claims the BIA: (1) should have deemed waived the government's statutory-counterpart argument, (2) erroneously denied her motion to remand, and (3) violated her right to equal protection of law. For the reasons set forth below, the petition for review is DENIED.

## I.

Ms. Alvarez, a native and citizen of Mexico, entered this country as a lawful permanent resident in 1989. Three years later, she pleaded guilty in Washington State court to second degree assault of her eleven-year-old son, Mariano. *See* Wash. Rev. Code § 9A.36.021(1)(a). She was sentenced to one year of imprisonment. In 2002, Ms. Alvarez's conviction prompted the initiation of removal proceedings, in which she was charged with removability as an alien convicted of an aggravated felony, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), because she committed a "crime of violence," *see id.* § 1101(a)(43)(F) (defining "'aggravated felony'" to mean "a crime of violence" under 18 U.S.C. § 16 "for which the term of imprisonment [is] at least one year").

Appearing before an IJ, Ms. Alvarez, through counsel, admitted and conceded removability as an aggravated felon but sought § 212(c) relief. At a subsequent merits hearing, she testified that she had been abusive to Mariano.

She testified that her felony conviction for second degree assault was the result of her "slapp[ing] him" and "spank[ing] him with a stick" after he had misbehaved. Admin. R. at 108. The IJ found Ms. Alvarez removable as charged but granted § 212(c) relief without identifying what comparable ground of inadmissibility under § 212(a) made her eligible for such relief. The government appealed, arguing that Ms. Alvarez was statutorily ineligible for § 212(c) relief because her second degree assault conviction "does not have a comparable ground of inadmissibility" that she "could seek to waive under former section 212(c) of the Act." Admin. R. at 82 (citing *In re Esposito*, 21 I. & N. Dec. 1, 7 (BIA 1995)). The government also filed a motion to remand because the IJ did not provide a separate oral or written decision. In December 2005, the BIA remanded the case, noting that the IJ "neglected to prepare a separate order or written decision," and that "[a]n explanation of the reasons in the transcript is not sufficient." *Id.* at 65.

In June 2006, the IJ issued an oral decision granting Ms. Alvarez § 212(c) relief. The IJ noted that Ms. Alvarez was lawfully admitted to the United States as a legal resident, had maintained an unrelinquished domicile for seven consecutive years, and had family ties here. *See Hem v. Maurer*, 458 F.3d 1185, 1188-89 (10th Cir. 2006) (listing factors "favorable for granting" § 212(c) relief).[1] He also acknowledged that although Ms. Alvarez had hurt Mariano and

---

[1] Specifically, the IJ observed that "[Ms. Alvarez's] mother and father and all her relatives live in the United States, her children live in the United States,

(continued...)

had had an anger management problem, she was "a very low risk of re-offending." Admin. R. at 41. Moreover, Mariano was now in his twenties and she had not "had much contact with him." *Id.* The IJ further noted that Ms. Alvarez and her teenaged daughters would experience hardship if she had to pull them out of school and take them away from the steady job with which she supported them. *See Hem*, 458 F.3d at 1188-89. The IJ concluded that § 212(c) relief was appropriate because there was a "comparable statut[ory]" ground of inadmissability. *See* Admin. R. at 42, 43. The IJ did not, however, identify the "comparable statut[ory]" ground. *Id.*

The government appealed, again arguing that Ms. Alvarez was statutorily ineligible for § 212(c) relief because her second degree assault conviction "was a crime of violence" that did not have a "statutory counterpart in the grounds of inadmissiblity under . . . section 212." *Id.* at 27; *see Zamora-Mallari v. Mukasey*, 514 F.3d 679, 689-90 (7th Cir. 2008) (explaining that the "statutory counterpart" analysis set forth in 8 C.F.R. § 1212.3(f)(5) codified the agency's longstanding judicially created "comparable ground" analysis). Ms. Alvarez filed an appellee brief and a motion to remand, contending, among other things, that the government had waived its statutory-counterpart argument by failing to raise it

---

[1](...continued)
she's been here since approximately 1978. She's been here more than 20 years." Admin. R. at 42.

before the IJ, and that *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005), represented an intervening change in the law compelling a remand.

The BIA reversed the IJ's decision, denied Ms. Alvarez's motion to remand, and ordered her removed from the United States to Mexico. In particular, the BIA observed that Ms. Alvarez had "conceded that she was removable as one convicted of an aggravated felony . . . and the [IJ] so found in his decision." Admin. R. at 2. Further, "the 'crime of violence' aggravated felony . . . does not have a comparable ground of inadmissibility" that would entitle Ms. Alvarez to § 212(c) relief. *Id.* This timely petition for review followed.

## II.

An explanation of the evolution of § 212(c) relief, 8 U.S.C. § 1182(c) (repealed 1996), is set forth in *INS v. St. Cyr*, and need not be repeated here. 533 U.S. 289, 294-97 (2001); *see also Valere v. Gonzales*, 473 F.3d 757, 759-60 (7th Cir. 2007) (tracing evolution of § 212(c) relief). Suffice it to say that even after the 1996 passage of the Antiterrorism and Effective Death Penalty Act and the Illegal Immigration Reform and Immigrant Responsibility Act, § 212(c) relief is still available to an alien, like Ms. Alvarez, whose conviction was obtained through a plea agreement and who, notwithstanding that conviction, "would have been eligible for § 212(c) relief at the time of [her] plea under the law then in effect." *St. Cyr*, 533 U.S. at 326. At the time of Ms. Alvarez's plea, a lawful

permanent resident who had resided in this country for seven years and had not served more than five years' imprisonment for an aggravated felony conviction, was "allowed to seek a § 212(c) waiver if the ground for removal [was] also a [comparable or statutory] ground for exclusion." *Zamora-Mallari*, 514 F.3d at 685. We now turn to the three issues raised by Ms. Alvarez in her petition for review.

### A.

Our jurisdiction to review a final order of removal arises under 8 U.S.C. § 1252(a), but it is not unlimited. Ms. Alvarez asserts that because the government did not present its statutory-counterpart argument to the IJ in the first instance, the BIA should have deemed the argument waived. Pet'r Opening Br. at 16-17 ("'The BIA has held that matters not raised before an IJ are not preserved on appeal.'") (quoting *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1022 (10th Cir. 2007)). This presents us with a question of law concerning the propriety of the BIA's (implicit) decision not to apply its waiver rule, which we review de novo. *See* 8 U.S.C. § 1252(a)(2)(D) (allowing judicial "review of . . . questions of law"); *Ferry v. Gonzales*, 457 F.3d 1117, 1126 (10th Cir. 2006) ("We review the BIA's legal determinations de novo."); *Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007) (setting forth this court's duties in reviewing a BIA decision). Further, "[o]ur scope of review directly correlates to the form of the BIA decision." *Id.* at 1123. Where, as here, a three-member

panel of the BIA issued a full opinion, that "opinion completely supercedes the IJ decision for purposes of our review." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1203 (10th Cir. 2006).

Ms. Alvarez relies on *Torres de la Cruz*, 483 F.3d at 1022-23, to support her contention that the BIA should have invoked its waiver rule to bar the government's statutory-counterpart argument. We are not persuaded by this contention. The BIA has discretion whether to invoke its waiver rule. *See* 8 C.F.R. § 1003.1(d)(2)(i)(A) (A "panel *may* summarily dismiss any appeal or portion of any appeal in any case in which . . . [the] party concerned fails to specify the reasons for the appeal." (emphasis added)); *Sidabutar*, 503 F.3d at 1120 (stating that "the BIA has *discretionary* authority to dismiss (and conversely, accept) appeals lacking in specificity"). Indeed, in *Torres de la Cruz* we concluded that "the doctrine of waiver *can* appropriately be applied by the BIA under its rules and precedent," not that the BIA *must* apply its waiver rule. 483 F. 3d at 1023 (emphasis added). This is consistent with our more-recent observation that when

> the BIA determines an issue administratively-ripe to warrant its appellate review, we will not second-guess that determination. Indeed, it is a touchstone of administrative law that "the formulation of procedures [is] basically to be left within the discretion of the agencies to which Congress had confided the responsibility for substantive judgments." *Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc.*, 435 U.S. 519, 524 . . . (1978). Administrative agencies "should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of

permitting them to discharge their multitudinous duties." *FCC v. Pottsville Broadcasting Co.*, 309 U.S. 134, 143 . . . (1940). *Cf. Weinberger v. Salfi*, 422 U.S. 749, 767 . . . (1975) (holding that an agency may waive internal exhaustion requirements).

*Sidabutar*, 503 F.3d at 1120. Accordingly, we reject Ms. Alvarez's contention that the BIA should have deemed waived the government's statutory-counterpart argument.[2]

## B.

Ms. Alvarez next contends that the BIA should have granted her motion to remand her case to the IJ (in which she sought to withdraw her previous concession of removability) because "under the new rule stated in *Perez-Vargas* she had not been convicted of a federal 'crime of violence.'" Pet'r Opening Br. at 27. The BIA disagreed. It held:

> *Perez-Vargas* . . . [did] not establish a new framework for determining whether a conviction constitutes a crime of violence, such that application of this decision to the instant matter would likely result in a changed outcome. Instead, [*Perez-Vargas*] essentially reiterate[d] and employ[ed] the . . . framework established

---

[2] We decline to consider Ms. Alvarez's cursory assertion that the "BIA's selective enforcement of its 'waiver rule' . . . violates [her] right to due process of law." Pet'r Opening Br. at 15. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (observing that this court has "routinely . . . declined to consider arguments that . . . are inadequately presented . . . in an appellant's opening brief"). Although Ms. Alvarez discusses Tenth Circuit decisions in which the BIA has imposed its waiver rule, she provides no supporting analysis or case law demonstrating why the BIA's "harsh[]" application of its waiver rule violates her constitutional right to due process. Pet'r Opening Br. at 19. But even if she had adequately presented her due process argument, the fact remains that whether the BIA chooses to invoke its waiver rule is a discretionary decision and "we will not second-guess that determination." *Sidabutar*, 503 F.3d at 1120.

by the United States Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), and previously employed by the Tenth Circuit on numerous occasions. Accordingly, we find no basis to remand these proceedings for additional adjudication.

Admin. R. at 3 (citations omitted).

The BIA's denial of a motion to remand is held to the same substantive standard as a motion to reopen. *In re L-V-K*, 22 I. & N. Dec. 976, 978 (BIA 1999); *see* 8 C.F.R. § 1003.2(c)(4). We have jurisdiction to review the denial of a motion to reopen where judicial review of the underlying order is not precluded. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361-62 (10th Cir. 2004). Here, review of the underlying order is not precluded because the BIA's denial of § 212(c) relief rested on its determination that Ms. Alvarez was statutorily ineligible for § 212(c) relief—a determination that presents a question of law regarding the applicability of § 212(c). *See* 8 U.S.C. § 1252(a)(2)(D).

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Infanzon*, 386 F.3d at 1362. "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (quotation omitted). None of these deficiencies are present in the BIA's order. Rather, the BIA denied reopening for logical, supportable reasons.

## C.

Finally, Ms. Alvarez contends that the BIA violated her right to equal protection because § 212(c) relief—in particular the comparable-grounds analysis—should not be "'subject to meaningless and irrational hazards.'" Pet'r Opening Br. at 31-32 (quoting *Blake v. Carbone*, 489 F.3d 88, 91 (2d Cir. 2007)). In other words, she asks this court to adopt the holding in *Blake*, grant her petition for review, and remand her case to the BIA to determine whether her underlying felony conviction for second degree assault is a crime of moral turpitude. *See Blake*, 489 F.3d at 104 (holding "a deportable lawful permanent resident with an aggravated felony conviction[] . . . eligible for a § 212(c) waiver if his or her *particular aggravated felony offense* could form the basis of exclusion under § 212(a) as a crime of moral turpitude" (emphasis added)); Pet'r Opening Br. at 33 (contending that a lawful permanent resident "with an aggravated felony conviction," like her, should be "eligible for a § 212(c) waiver if . . . her *particular [underlying] aggravated felony* could form the basis of exclusion under § 212(a) as a crime of moral turpitude" (emphasis added)).

We review the BIA's application of the comparable-grounds analysis de novo and decline Ms. Alvarez's invitation to adopt *Blake*. *See Ferry*, 457 F.3d at 1126. Instead, we join several circuits that have held that the statutorily prescribed basis of removal (*not* the alien's underlying offense) should be compared to the statutory grounds of inadmissability under § 212(a). *See Vue v.*

-10-

*Gonzales*, 496 F.3d 858, 860 (8th Cir. 2007) (collecting cases); *cf. Blake*, 489 F.3d at 103-04 (collecting cases "at odds with" its holding). Here, Ms. Alvarez's aggravated-felony crime-of-violence conviction made her removable. Because this ground of removal does not have a statutory counterpart in § 212(a), the BIA correctly determined that she was not entitled to § 212(c) relief. *See Caroleo v. Gonzales*, 476 F.3d 158, 168 (3d Cir. 2007) ("The BIA has held that the 'crime of violence' aggravated felony ground for *removal* . . . is not 'substantially equivalent' to INA § 212(a)'s 'crime involving moral turpitude' *ground for exclusion* such that the two can be considered statutory counterparts.") (citing *In re Brieva-Perez*, 23 I. & N. Dec. 766, 733 (BIA 2005)); *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984) (deferring to any reasonable interpretation given to a statute by the agency charged with administering its terms). This also defeats Ms. Alvarez's equal protection claim. *Vue*, 496 F.3d at 860-61 (citing *Valere*, 473 F.3d at 762 and *Rodriguez-Padron v. INS*, 13 F.3d 1455, 1459 (11th Cir. 1994)).

## III.

The petition for review is DENIED. Ms. Alvarez's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees is GRANTED.

Entered for the Court

Wade Brorby
Senior Circuit Judge