# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2013

No. 12-60038
Summary Calendar

Lyle W. Cayce
Clerk

AMIN MEMANJI MOMIN; SULTANABEN KURBAN MOMIN,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 562 049
BIA No. A094 908 068

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Amin Memanji Momin and Sultanaben Kurban Momin petition for review
of the Board of Immigration Appeals' (BIA) dismissal of their appeal from the
Immigration Judge's denial of their motions for a continuance and transfer of
venue and of the BIA's denial of their motion to reconsider.  We review the BIA's
rulings for an abuse of discretion.  *See Ali v. Gonzales*, 440 F.3d 678, 680 (5th
Cir. 2006); *Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005); *Chow v. INS*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

12 F.3d 34, 39 (5th Cir. 1993). There is no abuse of discretion if the BIA's decision is "not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Cabral v. Holder*, 632 F.3d 886, 890 (5th Cir. 2011) (internal quotation marks and citation omitted).

We assume the parties' familiarity with the underlying facts and procedural history in this case. We note, however, that the Momins sought to continue their removal proceedings so that Momin, an arriving alien, could seek adjustment of status from United States Citizenship and Immigration Services (USCIS), and Mrs. Momin, if Momin's application was successful, could seek derivative adjustment of status from the immigration court.

There was no abuse of discretion in the decision to deny the Momins' motion for continuance under the standards set forth in *Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (2009). In *Hashmi*, the BIA outlined certain factors that an IJ should consider when ruling on a motion to continue removal proceedings so the respondent can seek adjustment of status based upon a pending visa petition; however, it noted that "the focus of the inquiry is the likelihood that the adjustment application will be granted." *Id.* It is undisputed that, in its review, the BIA focused on Momin's eligibility for status adjustment by noting Momin's concession that he might be ineligible for adjustment of status without a concomitant waiver of inadmissibility. Moreover, the record before the immigration court established that Momin's prior request for adjustment of status and a waiver of inadmissability had been denied by USCIS. Given the prior denial and Momin's concession, the BIA did not abuse its discretion in finding that the Momins' removal proceedings should not be continued until Momin's renewed adjustment application before the USCIS was adjudicated or in dismissing their appeal from the IJ's denial of a continuance. *See id.* Moreover, because the Momins' request for a transfer of venue was based only upon their conclusory speculation that Momin's adjustment application would

2

be approved by the USCIS, they have not demonstrated an abuse of discretion with respect to the denial of that motion. *See Chow,* 12 F.3d at 39.

Finally, for the reasons noted above, the BIA did not abuse its discretion in denying the Momins' motion to reconsider. *Zhao,* 404 F.3d at 303-04. Moreover, they have not demonstrated that the BIA abused its discretion in denying their motion to reconsider because it rejected their request that their removal proceedings be administratively closed. The factors to consider when determining whether to administratively close removal proceedings include whether it is likely that the respondent will succeed on any petition, application, or other action he or she is pursuing outside of removal proceedings. *See Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012). The Momins did not make that showing. Accordingly, the Momins' petitions for review are DENIED.