06-2363-ag
De La Rosa v. Dep't of Homeland Sec.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2006

(Argued: May 16, 2007)                    Decided: June 13, 2007)

Docket No. 06-2363-ag
_____

JUANA ANTONIA DE LA ROSA,

*Petitioner,*

—v.—

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

*Respondent.*

_____

B e f o r e : MINER, KATZMANN, *Circuit Judges,* and MURTHA, *District Judge.*[*]

_____

Petition for review of a decision and order of the Board of Immigration Appeals affirming a decision of an immigration judge pretermitting an application for a waiver of inadmissibility under section 212(c) of the Immigration and Naturalization Act.  We hold that a lawful permanent resident who has procured her status by fraud or mistake has not been "lawfully admitted for permanent residence" for purposes of section 212(c).  Accordingly, the petition for review is **DENIED**, and the decision of the BIA is **AFFIRMED**.

_____

---

[*] The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

APPEARING FOR PETITIONER: JOSE W. VEGA, Jose W. Vega Law Firm, P.L.L.C., Houston, TX

APPEARING FOR RESPONDENT: JANICE K. REDFERN (Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Office of Immigration Litigation *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC

––––––––––––

PER CURIAM:

Petitioner Juana Antonia De La Rosa ("De La Rosa"), a citizen of the Dominican Republic, seeks review of an April 19, 2006 decision of the BIA affirming the December 2, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying the petitioner's application for a waiver of inadmissibility under Immigration and Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c) (repealed 1996) ("§ 212(c)"). *In re De La Rosa*, No. A91 353 323 (B.I.A. Apr. 19, 2006), *aff'g* No. A91 353 323 (Immig. Ct. N.Y. City Dec. 2, 2005). Section 212(c) is a form of discretionary relief that can be granted by the Attorney General to certain classes of aliens who otherwise would be deemed removable. Based on statements by De La Rosa at her initial hearing, the IJ determined that despite having been adjusted to the status of lawful permanent resident, De La Rosa had not been "lawfully admitted for permanent residence" and thus was not eligible for relief. 8 U.S.C. § 1182(c) (repealed 1996). De La Rosa challenges this construction of the statute. We hold that an alien is only "lawfully admitted for permanent residence" for purposes of the INA if his or her adjustment to lawful permanent resident complied with substantive legal requirements. We therefore affirm the decision of the BIA and deny the petition.

**I.**

De La Rosa came to the United States from the Dominican Republic at some point during the 1980s.[1] De La Rosa adjusted her status to lawful permanent resident in 1989 pursuant to the amnesty provision of the Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, 100 Stat. 3359 (codified as amended in scattered sections of 8 U.S.C.). Eligibility for the amnesty provision, which expired in November 1986, was limited to aliens who "entered the United States before January 1, 1982" and "resided continuously in the United States in an unlawful status since such date and through the date [their] application" was filed. 8 U.S.C. § 1255a(a)(2)(A).

In 1992, De La Rosa was convicted of a felony drug sale in New York state court pursuant to a guilty plea. In August 2004, she was placed in removal proceedings based on her status as a criminal alien. De La Rosa conceded that she was removable and declared her intention to apply for a waiver under § 212(c). Prior to its repeal in 1996, § 212(c) granted the Attorney General the discretion to waive grounds of exclusion for "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years." 8 U.S.C. § 1182(c) (repealed 1996); *see also Matter of G–A–*, 7 I. & N. Dec. 274 (B.I.A. 1956) (extending § 212(c) relief to deportation proceedings). Although § 212(c) has been repealed, it continues to be applied to aliens, such as De La Rosa, who pleaded guilty to certain deportable offenses prior to the effective date of the change. *See Drax v. Reno*, 338 F.3d 98, 102 (2d Cir. 2003); *see also INS v. St. Cyr*, 533 U.S. 289, 326 (2001).

---

[1] As is explained in greater detail below, De La Rosa's date of entry is in dispute.

At her hearing, De La Rosa testified that she had entered the United States in 1987 with a tourist visa. The IJ noted that this testimony was in tension with De La Rosa having adjusted her status through the amnesty program. The hearing was adjourned, and De La Rosa was given the opportunity to submit additional evidence on the question of whether she had been "lawfully admitted to permanent residence." At a subsequent hearing De La Rosa claimed that she had entered the United States in 1980 in Puerto Rico. De La Rosa submitted two documents in support of this revised account of her entry into the United States, neither of which the IJ found persuasive. At the close of the hearing, the IJ rejected De La Rosa's application for relief, finding it "clear that her permanent residence was not lawfully obtained as she was not present in the United States in 1982." De La Rosa appealed to the BIA which affirmed the IJ's decision in a per curiam opinion. The BIA noted that De La Rosa bore the burden of proof in establishing her eligibility for a waiver and that the IJ had "properly found that [De La Rosa] failed to meet this burden."

## II.

De La Rosa primarily argues that because she had previously adjusted her status to lawful permanent resident, the IJ erred in determining that she had not been "lawfully admitted" for purposes of § 212(c).[2] In construing the INA we are guided by the familiar two-step analysis set

---

[2] Our review of decisions denying relief under § 212(c) is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *Avendano-Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 505 (2d Cir. 2006) (per curiam). The phrase "questions of law" is understood to include issues of statutory construction. *Bugayong v. INS*, 442 F.3d 67, 72 (2d Cir. 2006) (per curiam). Because De La Rosa's claim raises a question of law, specifically the meaning of "lawfully admitted for permanent residence" as used in § 212(c), we have jurisdiction to review De La Rosa's petition.

forth in *Chevron, U.S.A., Inc. v. Natural Resources Defense Counsel*, 467 U.S. 837, 842-43 (1984). *See INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999) (recognizing that "the BIA should be accorded *Chevron* deference as it gives ambiguous statutory terms concrete meaning through a process of case-by-case adjudication" (quotation marks omitted)). We ask first "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43. However, "[i]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843.

We need not concern ourselves with the first step of the *Chevron* analysis as the BIA has offered a permissible interpretation of the statute to which we would defer if we were to find that the language at issue was ambiguous. In *Matter of Koloamatangi*, 23 I. & N. Dec. 548 (B.I.A. 2003), the BIA explained that an alien whose status has been adjusted to lawful permanent resident but who is subsequently determined in an immigration proceeding to have originally been ineligible for that status has not been "lawfully admitted for permanent residence" because the "alien is deemed, ab initio, never to have obtained lawful permanent resident status." *Id.* at 551.[3] While Koloamatangi had acquired his status by fraud, the decision explicitly addressed situations where the alien "had otherwise not been entitled to [lawful permanent residence]." *Id.* at 550.

---

[3] Koloamatangi sought cancellation of removal under section 240A(a) of the INA, 8 U.S.C. § 1229b(a). *Koloamatangi*, 23 I. & N. at 548. In order to be eligible for cancellation of removal an alien must, *inter alia*, have been "lawfully admitted for permanent residence for not less than 5 years." 8 U.S.C. § 1229b(a)(1).

The BIA's interpretation of "lawfully admitted for permanent residence" is reasonable. The natural reading of "lawful" connotes more than just procedural regularity; it suggests that the substance of an action complied with the governing law. *See Matter of Longstaff*, 716 F.2d 1439, 1441 (5th Cir. 1983); *see also* Black's Law Dictionary 902 (8th ed. Gardner ed.) (defining "lawful" as "[n]ot contrary to law"). Moreover, the BIA's interpretation is consistent with the decisions of our sister circuits, which have uniformly adopted the same definition of the phrase "lawfully admitted for permanent residence" either by finding that the phrase is unambiguous or by granting deference to the BIA's interpretation. *See Savoury v. U.S. Att'y Gen.*, 449 F.3d 1307, 1317 (11th Cir. 2006); *Arellano-Garcia v. Gonzales*, 429 F.3d 1183, 1187 (8th Cir. 2005); *Monet v. INS*, 791 F.2d 752, 753-55 (9th Cir. 1986); *Longstaff*, 716 F.2d at 1441-42.

In sum, we defer to the BIA's reasonable interpretation of the INA and hold that to be "lawfully admitted for permanent residence" an alien must have complied with the substantive legal requirements in place at the time she was admitted for permanent residence. Because De La Rosa failed to show that she had complied with the relevant substantive legal requirements the IJ correctly determined that she had not been "lawfully admitted for permanent residence" and was not entitled to § 212(c) relief.

We have considered all of petitioner's other arguments and find them without merit. Accordingly, for the foregoing reasons, the petition for review is **DENIED** and the order of the BIA is **AFFIRMED**.