Hatiem Ali OMAR, Petitioner,

v.

IMMIGRATION and
NATURALIZATION SERVICE,
Respondent.

No. 03–4210–ag.

United States Court of Appeals,
Second Circuit.

Feb. 22, 2008.

**38**

Sandra P. Nichols, Esq., New York, NY, for Petitioner.

Kirti Vaidya Reddy, Assistant United States Attorney (Kathy S. Marks, Assistant United States Attorney, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Hatiem Ali Omar ("Omar") petitions for review of a final order issued by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") finding that he is ineligible for relief under former section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed 1996) ("§ 212(c)"), and denying withholding of removal, 8 U.S.C. § 1231(b)(3)(A), and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), art. 3, Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85. *In re Omar,* No. A72–052–971 (B.I.A. Dec. 31, 2002), *aff'g* No. A 72 052 971 (Immig. Ct. N.Y. City Mar. 18, 2002). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

### INA § 212

Omar contends that the IJ erred by determining that he had not been "lawfully admitted for permanent residence," and was thus ineligible for § 212(c) relief.

Omar's immigration status was adjusted to that of a lawful permanent resident ("LPR") in 1995, even though his New York State conviction for attempted sale of cocaine made him ineligible for adjustment. *See* 8 U.S.C. § 1255(a) (requiring, *inter alia,* admissibility as a precondition to adjustment of status); 8 U.S.C. § 1182(a)(2)(A)(i)(II) (rendering aliens convicted of attempted controlled substance offenses inadmissible).

■ Omar argues that the IJ was precluded from determining whether he was "lawfully admitted for permanent residence" under § 212(c) because the INS had already granted him a "de facto" waiver of removability in 1995 under INA § 212(h), 8 U.S.C. § 1182(h), by adjusting his status to LPR. We are not persuaded. Section 212(h), both as in effect in 1995 and as it reads now, empowers the Attorney General to waive inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(II), but only "insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana." 8 U.S.C. § 1182(h). Omar's attempted sale of cocaine does not qualify. As the INS was not authorized by statute to grant a waiver under section 212(h), it had no power to do so. *See La. Pub. Serv. Comm'n v. FCC,* 476 U.S. 355, 374, 106 S.Ct. 1890, 90 L.Ed.2d 369 (1986) ("[A]n agency literally has no power to act ... unless and until Congress confers power upon it."). We reject Omar's contention that the INS granted Omar relief that it was without power to provide.

■ Omar further argues that the IJ exceeded the scope of the remand, and that the IJ was, in any event, precluded from considering whether Omar was "lawfully admitted for permanent residence." Neither of those arguments was presented to the agency, and we decline to consider them for the first time on petition for review.

Omar's drug conviction made him ineligible for § 212(c) relief notwithstanding his adjustment of status. *See De La Rosa v. U.S. Dep't of Homeland Sec.*, 489 F.3d 551, 553, 555 (2d Cir.2007) (holding "that an alien is only 'lawfully admitted for permanent residence' for purposes of the INA if his or her adjustment to lawful permanent resident complied with substantive legal requirements[,]" and that "[b]ecause [the alien] failed to show that she had complied with the relevant substantive legal requirements the IJ correctly determined that she had not been 'lawfully admitted for permanent residence' and was not entitled to § 212(c) relief"). Because Omar must thus be "deemed, *ab initio,* never to have obtained lawful permanent resident status," *id.* at 554, his arguments both as to the *"ultra vires "* nature of the IJ's determinations as well as to the *res judicata* effects of the previous erroneous adjustment of status are unavailing. *See also* 8 U.S.C. § 1256(a) (permitting the Attorney General to rescind the LPR status an alien who "was not in fact eligible for such adjustment of status" through removal proceedings and providing that "an order of removal issued by an immigration judge shall be sufficient to rescind the alien's status").

**Withholding and CAT**

█ Because Omar was ordered removed for having committed an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii), and for having been convicted of a violation relating to a controlled substance, 8 U.S.C. § 1227(a)(2)(B)(i), we lack jurisdiction to review his order of removal. *See* 8 U.S.C. § 1252(a)(2)(C) ("[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed[,]" *inter alia,* offenses covered by § 1227(a)(2)(A)(iii) or (B).). Moreover, the

IJ found Omar to have committed a particularly serious crime as defined by INA § 241(b)(3)(B)(ii), a conclusion Omar does not challenge. Accordingly, he is barred from withholding of removal both under the INA and under the CAT. *See* 8 U.S.C. § 1231(b)(3)(B)(ii), (iv); 8 C.F.R. § 208.16(d)(2). Although we retain jurisdiction to review constitutional claims or question of law, *see* 8 U.S.C. § 1252(a)(2)(D), Omar presents no such arguments, nor any that might support deferral of removal under the CAT, *see* 8 C.F.R. § 208.17(a). Instead, he merely disputes the IJ's credibility finding, which we conclude is supported by substantial evidence in the record.

We have considered the petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is **DISMISSED** in part and **DENIED** in part.