NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 22, 2009
Decided June 25, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 08-2141 & 08-3699

| | |
|---|---|
| MANUEL VERDIN DE LEON,<br>*Petitioner*, | Petitions for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A90-429-257 |
| ERIC H. HOLDER, JR.,<br>Attorney General of the United States,<br>*Respondent*. | |

**ORDER**

Petitioner Manuel Verdin De Leon, a Mexican citizen, pleaded guilty in Wisconsin state court to engaging in sexual intercourse with a minor. That guilty plea resulted in an order of removal, which the petitioner challenges. We deny his petitions for review.

The petitioner entered the United States illegally in 1984 at age 15, but was granted permanent-resident status in December 1990. When that status was awarded, however, the government did not know that the petitioner, then 21, had engaged in sexual intercourse with a 15-year-old girl two weeks before. The incident resulted in a 1991 conviction for

second-degree sexual assault of a child under section 948.02(2) of the *Wisconsin Statutes* (2005), which criminalizes sexual contact or intercourse with anyone under 16. The petitioner was sentenced to a five-year, suspended term of imprisonment and three years' probation.

The Department of Homeland Security ("DHS") learned about the conviction in 2002 when the petitioner reentered the United States from Mexico. DHS initiated removal proceedings and charged that the petitioner's 1991 conviction made him subject to removal on two independent bases: (1) he was convicted of an aggravated felony, specifically, sexual abuse of a minor, *see* INA §§ 237(a)(2)(A)(iii), 101(a)(43)(A); 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(A); and (2) he was convicted of a crime involving moral turpitude committed within five years after the date of his admission and for which a sentence of one year or longer was imposed, *see* INA § 237(a)(2)(A)(i); 8 U.S.C. § 1227(a)(2)(A)(i). The petitioner, through counsel, conceded that he was removable on the second ground but argued with respect to that charge that he was eligible for a waiver of removal under former INA § 212(c). As for the first charge, the petitioner argued that his conviction did not qualify as sexual abuse of a minor. He also argued that even if his crime could be characterized as sexual abuse of a minor, he still should be eligible for a waiver of removal under § 212(c), despite the contrary holding of the Board of Immigration Appeals ("BIA") in *In re Blake*, 23 I. & N. Dec. 722, 729 (BIA 2005). Finally, the petitioner insisted that DHS could not rely on the sexual-abuse charge to deny him a waiver since the agency also had charged him with removability premised on the waiver-eligible characterization of his conviction as one for a crime involving moral turpitude.

An immigration judge ("IJ") ordered the petitioner removed. The IJ concluded that under the Immigration and Nationality Act, a violation of WIS. STAT. § 948.02(2) qualifies as sexual abuse of a minor and thus is an aggravated felony. It follows, said the IJ, that under *In re Blake* the petitioner is ineligible for § 212(c) relief. Like the IJ, the BIA concluded that relief under § 212(c) is unavailable because the crime constitutes sexual abuse of a minor. The petitioner moved for the BIA to reconsider, arguing that it had not addressed whether the alternative charge of being convicted of a crime involving moral turpitude rendered him eligible for § 212(c) relief. The BIA denied the motion, reasoning that *In re Blake*, 23 I. & N. Dec. at 728-29, resolves that very question against the petitioner and holds that an alien convicted of sexual abuse of a minor is ineligible for § 212(c) relief even though a waiver generally is available to someone convicted of a crime involving moral turpitude. The petitioner challenges both the BIA's initial decision and its denial of his motion to reconsider.

The petitioner concedes that he is subject to removal, and in this court he argues only that he should be eligible for a § 212(c) waiver notwithstanding *In re Blake.* According to the

petitioner, his situation is distinguishable from *In re Blake* because in that case the government had relied upon just one ground of removal (a conviction for sexual abuse of a minor) while in this instance DHS has also charged a second, alternative ground (conviction for a crime involving moral turpitude) for which § 212(c) relief is available. We have jurisdiction to review the petitioner's argument because it raises a question of law by challenging the BIA's interpretation of its own precedent as well as our precedent. *See Huang v. Mukasey*, 534 F.3d 618, 620 (7th Cir. 2008). We review questions of law de novo. *Gattem v. Gonzales*, 412 F.3d 758, 763 (7th Cir. 2005).

At this point, we must review briefly why we and the BIA have concluded that an alien convicted of sexual abuse of a minor does not qualify for a waiver of removal under § 212(c). Section 212(c) gave the Attorney General the discretion to permit reentry of a permanent resident alien who departed after living in the United States for a statutorily defined period following conviction for a crime that otherwise would have led to *exclusion* (now inadmissibility) under INA § 212(a). INA § 212(c); 8 U.S.C. § 1182(c); *Zamora-Mallari v. Mukasey*, 514 F.3d 679, 683-84 (7th Cir. 2008); *Valere v. Gonzales,* 473 F.3d 757, 759 (7th Cir. 2007). Courts, and ultimately the BIA, extended the scope of § 212(c) to permanent resident aliens who never left the United States but nonetheless faced *deportation* (now removal) because of a conviction that would lead to exclusion under § 212(a). *See* 8 C.F.R. § 1212.3*; Zamora-Mallari*, 514 F.3d at 683-87; *Valere,* 473 F.3d at 759-61. (Although DHS apparently discovered the petitioner's conviction when he returned from a trip to Mexico in 2002, he was not charged with *inadmissibility* due to that conviction. Instead, he was charged with being *removable* on the basis of the conviction.) On April 24, 1996, Congress eliminated § 212(c) relief for aggravated felonies, and later that year it eliminated § 212(c) relief entirely. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, § 440(d), 110 Stat. 1214, 1277 (1996); Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, 110 Stat. 3009-597 (1996). But repeal of § 212(c) did not preclude the petitioner's application because the waiver remains available for aliens convicted before the date of its repeal. *See* 8 C.F.R. § 1212.3(f)(4)(i), (5); *INS v. St. Cyr*, 533 U.S. 289, 326 (2001).

In *In re Blake,* 23 I. & N. Dec. at 727-29, the BIA concluded that an alien convicted of a crime that qualifies as sexual abuse of a minor cannot seek relief under § 212(c) because sexual abuse of a minor does not have a statutory counterpart in § 212(a). The BIA reasoned that a crime involving moral turpitude, which is included in § 212(a)(2)(A)(i)(I), is not a statutory counterpart to sexual abuse of a minor because the two categories of crimes are not "substantially equivalent" even though some crimes—as is true in this case—would fit both categories. We have twice upheld the BIA's reasoning, *Zamora-Mallari*, 514 F.3d at 691-92; *Valere,* 473 F.3d at 761-62, which explains the petitioner's resort to the argument that his case is the exception because he was charged with two, not one, grounds for removal.

The petitioner's argument is meritless.  His conviction, whether labeled a crime involving moral turpitude or an aggravated felony, subjects him to removal.  And relief under § 212(c) is unavailable to any alien that is "removable . . . on *a* ground which does not have a statutory counterpart in section 212."  8 C.F.R. § 1212.3(f)(5) (emphasis added).  Thus, because the petitioner is removable on *a* ground—a conviction for sexual abuse of a minor—that lacks a statutory counterpart in § 212(a), it does not matter that he was charged with removal based on another ground that does have a statutory counterpart.  The petitioner does not cite any support for his argument that § 212(c) relief should be available to an alien unless *every* ground for removal lacks a statutory counterpart in § 212(a).  Nor does he explain why he should *benefit* from being charged with an additional ground for removal that does have a statutory counterpart, while an alien who was charged only with sexual abuse of a minor would not be eligible for § 212(c) relief.

Accordingly, we DENY the petitions for review.