09-0216-ag
Villafana v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand nine.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JUAN VILLAFANA,

> *Petitioner*,
>
> v.                                          09-0216-ag

ERIC H. HOLDER, JR., United States Attorney General,

> *Respondent*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER:**          Juan Villafana, *pro se*, New York, NY.

**FOR RESPONDENTS:**          M. Jocelyn Lopez Wright, Senior Litigation Counsel,
(Tony West, Assistant Attorney General, Civil
Division, U.S. Department of Justice; Leslie McKay,

1

Assistant Director, Office of Immigration Litigation, *on the brief*), Washington, D.C.

Petition for review of a decision by the Board of Immigration Appeals ("BIA").

**UPON DUE CONSIDERATION** of this petition for review of a decision of the BIA, **it is hereby ORDERED, ADJUDGED, AND DECREED**, that the petition for review is **DENIED.**

Petitioner Juan Villafana ("petitioner" or "Villafana"), a native and citizen of the Dominican Republic, seeks review of the December 17, 2008 order of the BIA denying his application for a waiver of inadmissability under former 8 U.S.C. § 1182(c) (1994) (repealed 1996). *In re Juan Villafana*, No. A041-587-510 (B.I.A. Dec. 17, 2008), *aff'g* A041-587-510 (Immig. Ct. N.Y. City Apr. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an independent decision and does not adopt the Immigration Judge's decision, we review the decision of the BIA alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 622-23 (2d Cir. 2007). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Villafana argues that the BIA erred, as a matter of law, in concluding that he was ineligible for a § 212(c) waiver because he was not "lawfully admitted for permanent residence." Our holding in *De La Rosa v. U.S. Dep't of Homeland Sec.*, however, precludes such an argument. 489 F.3d 551 (2d Cir. 2007). In *De La Rosa*, we held that "an alien whose status has been adjusted to lawful permanent resident ["LPR"] but who is subsequently determined in an immigration proceeding to have originally been ineligible for that status has not been 'lawfully admitted for permanent residence' because the alien is deemed, *ab initio*, never to have obtained lawful permanent resident status." *De La Rosa*, 489 F.3d at 554 (quotation marks omitted). Thus, we concluded that, even for those who obtained their LPR status by mistake rather than fraud, if petitioner fails to demonstrate that he or she had complied with the relevant substantive legal requirements at the time petitioner was admitted for permanent residence, then petitioner was never "lawfully admitted for permanent residence" and, therefore, is not entitled to § 212(c) relief. *See De La Rosa*, 489 F.3d at 555.

*De La Rosa* is controlling here. At the time Villafana was admitted for permanent residence, he was not lawfully eligible for LPR status because of his conviction for a controlled substance offense. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II) (providing that any alien who violates or conspires or attempts to violate any law of regulation of a State, the United States, or a foreign county relating to

2

a controlled substance is inadmissible). Thus, he failed to comply with the "relevant substantive legal requirements" for LPR status, even though the consular officer mistakenly granted Villafana an immigrant visa. Consequently, he was not "lawfully admitted for permanent residence" for purposes of demonstrating eligibility for a § 212(c) waiver. *De La Rosa*, 489 F.3d at 555. Accordingly, the BIA properly determined that, as a matter of law, Villafana was ineligible for a § 212(c) waiver.

Because Villafana was ineligible for a § 212(c) waiver regardless of whether he procured his LPR status by fraud, we, like the BIA, need not consider whether the IJ properly found that he was also inadmissible for having fraudulently procured LPR status.

Villafana also argues that the agency's determination that he was ineligible for a § 212(c) waiver violated his due process rights, and that the Government should be estopped from denying him the ability to seek such a waiver. Because Villafana did not raise these issues before the BIA, they are unexhausted, and thus, we may not consider them. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (holding that a petitioner must raise to the BIA those specific issues that he or she later seeks to raise in this Court); *see also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007) (although this rule is not jurisdictional, it is nonetheless mandatory).

## CONCLUSION

We have considered all of Villafana's remaining arguments and determined them to be without merit.

For the reasons stated above, the petition for review is **DENIED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____