In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3611

MANUEL ESTRADA-RAMOS,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A074-103-808

ARGUED MAY 24, 2010—DECIDED JULY 1, 2010

Before EASTERBROOK, *Chief Judge*, and POSNER and
EVANS, *Circuit Judges*.

EVANS, *Circuit Judge.* The Department of Homeland
Security (DHS) initiated removal proceedings against
Manuel Estrada-Ramos in 2008. Estrada-Ramos moved
to terminate the proceedings, alleging that he was a
lawful permanent resident as of 1997. However, there
was a fly in the ointment: he was convicted of a criminal

offense in California in 1991. Although his conviction was set aside pursuant to state law, DHS argued that it remained a "conviction" for purposes of the Immigration and Nationality Act (INA), rendering invalid Estrada-Ramos' move to permanent resident status. An immigration judge (IJ) agreed with DHS and the Board of Immigration Appeals (BIA) affirmed. Estrada-Ramos now petitions for review.

Estrada-Ramos is a 39-year old native and citizen of Mexico. Immigration and Naturalization Service (now DHS) adjusted his status to lawful permanent resident on June 2, 1997. However, on May 17, 1991, Estrada-Ramos was convicted in California state court, after a guilty plea, on a drug charge involving cocaine.[1] He was sentenced to one year in prison and five years of probation. On May 15, 1997, his guilty plea was set aside and his case was dismissed pursuant to California Penal Code § 1203.4. For whatever reason, INS was unaware that Estrada-Ramos had a conviction when it adjusted his status.

Estrada-Ramos left the United States on an unknown date and attempted to return through Laredo, Texas, in October 2006. DHS granted him deferred inspection and served him with a notice to appear in January 2008, alleging that at the time INS adjusted his status, he was not eligible for the change. DHS charged Estrada-Ramos with inadmissibility under INA § 237(a)(1)(A),

---

[1] At oral argument, we were told that the conviction was for possession of cocaine with intent to sell.

8 U.S.C. § 1227(a)(1)(A), as an alien with a controlled substance conviction at the time of entry or adjustment of status. He denied the charge of removability, arguing that his adjustment to permanent resident status was valid because his criminal conviction was expunged under California law.

The IJ, in an oral decision, found that the 1991 conviction remained effective because it was dismissed for ameliorative (i.e., rehabilitative) purposes not for any procedural or substantial defects in the proceedings. Consequently, the IJ deemed Estrada-Ramos ineligible for relief under former INA § 212(c) and ineligible for cancellation of removal under INA § 240A(a) or § 240A(b). Estrada-Ramos appealed to the BIA, which affirmed the IJ's order.

On his petition for review, Estrada-Ramos argues that the conviction is not effective for immigration purposes, and thus, his status was properly adjusted to lawful permanent resident. The government suggests that we lack jurisdiction to review the removal order because Estrada-Ramos committed a qualifying criminal offense under INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). We lack jurisdiction to review removal orders of aliens removable under § 242(a)(2)(C) unless there is a valid constitutional claim or question of law. *Zamora-Mallari v. Mukasey*, 514 F.3d 679, 693-94 (7th Cir. 2008). Whether an offense constitutes a "conviction" under the INA is such a question. We review this question de novo, while giving deference to the BIA's reasonable interpretation of the INA. *Ali v. Ashcroft*, 395 F.3d 722, 727 (7th Cir.

2005) (internal citations omitted). Under the INA, a "conviction" means, with respect to an alien:

> a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

INA § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A).

If a conviction was vacated due to a procedural or substantive defect in the underlying proceeding, it is no longer effective for immigration purposes; however, if it was vacated for rehabilitative purposes, it remains effective. *Ali*, 395 F.3d at 727; *Matter of Pickering*, 23 I. & N. Dec. 621, 624 (BIA 2003). Estrada-Ramos does not dispute that he was convicted of cocaine possession with intent to sell; nor does he claim there was any defect in the California proceeding against him. Thus, the conviction must have been set aside for ameliorative purposes.

Notwithstanding the conviction, Estrada-Ramos argues that his lawful permanent resident status is valid because he did not commit fraud to obtain it. However, the BIA has held that "lawfully admitted for permanent residence" does not apply to aliens who "obtained their permanent resident status by fraud, *or had otherwise not been entitled to it*." *Matter of Koloamantangi*, 23 I. & N. Dec. 548, 550 (BIA 2003) (emphasis added). A number of our sister circuits have subsequently found the BIA's inter-

pretation reasonable and have held that fraud and mis-representation are not the sole bases upon which the agency can conclude that an alien did not lawfully obtain adjustment of status. *De La Rosa v. DHS*, 489 F.3d 551, 554-55 (2d Cir. 2007); *Savoury v. U.S. Attorney General*, 449 F.3d 1307, 1317 (11th Cir. 2006); *Arellano-Garcia v. Gonzales*, 429 F.3d 1183, 1186-87 (8th Cir. 2005). We agree that to be "lawfully admitted" the adjustment of status must be in compliance with substantive legal requirements, not mere procedural regularity. *Savoury*, 449 F.3d at 1316 (quoting *Matter of Longstaff*, 716 F.2d 1439 (5th Cir. 1983)). Therefore, we agree with the BIA that Estrada-Ramos was never "lawfully admitted" for permanent residence.

Estrada-Ramos also claims that he was deprived of his statutory right to present evidence because he did not have the opportunity to submit a certified case report.[2] However, he does not show how the report would make any material difference to the question of whether his conviction counts for immigration purposes. In fact, Estrada-Ramos' counsel at oral argument admitted he has not seen the document. Without knowing more about the report, we cannot see how it affects the outcome of this case.

For these reasons, the petition for review is DENIED.

---

[2] The government argues that he failed to exhaust this argument to the agency; regardless, it fails on the merits.

---