# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3607

AUDON MANCILLAS-RUIZ,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order of
the Board of Immigration Appeals.
No. A091-848-467

ARGUED JUNE 2, 2010—DECIDED AUGUST 11, 2010

Before EASTERBROOK, *Chief Judge*, and POSNER and
KANNE, *Circuit Judges*.

KANNE, *Circuit Judge.* Audon Mancillas-Ruiz, a lawful
permanent resident, was convicted in California state
court of assault with a deadly weapon and second-
degree robbery. The government later charged that he
was removable because the state offenses for which he
was convicted involved both crimes of violence and

crimes involving moral turpitude. The immigration judge ("IJ") ordered Mancillas-Ruiz removed to Mexico. The judge also found that Mancillas-Ruiz was ineligible to apply for a waiver of removal under former § 212(c) of the Immigration and Nationality Act ("INA"), because the aggravated felony crime of violence category under which the government sought his removal has no statutory counterpart under INA § 212(a). The Board of Immigration Appeals ("BIA") affirmed and this petition followed. We now deny Mancillas-Ruiz's petition for review.

## I. BACKGROUND

Audon Mancillas-Ruiz is a 43-year-old native and citizen of Mexico. He illegally entered the United States in 1987; however, he was adjusted to lawful permanent resident status in December, 1990. In early 1994, he pled guilty to two counts of felony assault with a deadly weapon, in violation of California Penal Code ("CPC") § 245(a)(1), and to robbery in the second degree, in violation of CPC § 211. He was sentenced to 4 years' imprisonment for felony assault, and to 3 years' imprisonment for robbery. He served 28 months in prison.

On June 21, 2005, the Department of Homeland Security ("DHS") issued Mancillas-Ruiz a Notice to Appear. Based on his California convictions, the notice charged that Mancillas-Ruiz was subject to removal from the United States under INA § 237(a)(2)(A)(iii); 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who has been convicted of a crime that qualified as an aggravated

felony, specifically a crime of violence. The notice also charged that Mancillas-Ruiz was removable under INA § 237(a)(2)(A)(ii); 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien who has been convicted of two or more crimes involving moral turpitude.

At a removal hearing in 2006, Mancillas-Ruiz conceded that he was subject to removal because his crimes constituted an aggravated felony crime of violence, but he denied that he could be removed for having been convicted of a crime of moral turpitude. He argued that his assault conviction did not constitute a crime of moral turpitude. The IJ, however, found that in the immigration context, both of Mancillas-Ruiz's convictions were for crimes involving moral turpitude.

Mancillas-Ruiz then requested leave to file an application for a waiver of removal under former INA § 212(c). Mancillas-Ruiz and the government both submitted briefs to the IJ addressing the issue of whether Mancillas-Ruiz was eligible for such a waiver. Mancillas-Ruiz argued that because the convictions that led to his aggravated felony charge were also classified as crimes involving moral turpitude, and a statutory counterpart for a crime involving moral turpitude exists under INA § 212(a), he should be allowed to apply for a § 212(c) waiver.

On September 23, 2008, the IJ determined that under the BIA's *In re Brieva-Perez* decision, 23 I. & N. Dec. 766 (BIA 2005), and our decision in *Zamora-Mallari v. Mukasey*, 514 F.3d 679 (7th Cir. 2008), Mancillas-Ruiz was ineligible for a § 212(c) waiver of removal. Specifically, the IJ

opined that these cases establish that Mancillas-Ruiz was ineligible for a waiver because the aggravated felony category under which he was charged—crimes of violence—has no statutory counterpart in the grounds of inadmissibility under § 212(a). Accordingly, the IJ ordered Mancillas-Ruiz removed to Mexico.

Mancillas-Ruiz appealed to the BIA. On September 23, 2009, the BIA dismissed Mancillas-Ruiz's appeal, finding that he was precluded from obtaining a § 212(c) waiver because his criminal conduct constituted an aggravated felony crime of violence. In support of its decision, the BIA relied on the same case law followed by the IJ, along with other immigration cases. (*citing Valere v. Gonzales*, 473 F.3d 757 (7th Cir. 2007) and *Vue v. Gonzales*, 496 F.3d 858 (8th Cir. 2007)). This petition for review followed.

## II. ANALYSIS

In his petition for review, Mancillas-Ruiz argues that the BIA erred as a matter of law by finding that he was ineligible for a § 212(c) waiver. Mancillas-Ruiz does not dispute that his crimes of felony assault and robbery in the second degree are crimes of moral turpitude in the immigration context. Instead, he argues that although he is subject to removal for having been convicted of an aggravated felony crime of violence, he is still eligible to apply for § 212(c) relief because such relief was available prior to the statute's repeal date in 1996 for aliens convicted of crimes involving moral turpitude, as listed under § 212(a). He contends that the BIA therefore

improperly applied the statutory counterpart rule to deny him a waiver because the government charged him with having committed both an aggravated felony *and* a crime involving moral turpitude for the same criminal conduct.

We generally lack jurisdiction to review a final order of removal when a petitioner is convicted of an aggravated felony. *See* INA § 242 (a)(2)(C); 8 U.S.C. § 1252(a)(2)(C); *Zamora-Mallari*, 514 F.3d at 693-94. But when the petitioner raises questions of law and constitutional claims, our jurisdiction remains intact. *See* 8 U.S.C. § 1252(a)(2)(D), *as amended by* REAL ID Act § 106(a)(1)(A)(iii); *Estrada-Ramos v. Holder*, No. 09-3611, 2010 WL 2605859, at *1 (7th Cir. July 1, 2010). Because Mancillas-Ruiz raises a question of law regarding the BIA's interpretation of its own precedent as well our precedent, we will proceed. Constitutional questions and questions of law are subject to *de novo* review; however, we give deference to the BIA's reasonable interpretation of the statute and underlying regulation. *Gattem v. Gonzales*, 412 F.3d 758, 763 (7th Cir. 2005).

Section 212(a) made several classes of aliens excludable (now termed inadmissible) from the United States, including those convicted of crimes involving moral turpitude. See INA § 212(a); 8 U.S.C. § 1182(a). However, under former § 212(c), a permanent resident alien convicted for a crime that would have led to exclusion under § 212(a) could apply to the Attorney General for discretionary relief from an order of deportation (now termed removal). INA § 212(c); 8 U.S.C. § 1182(c); *Canto v.*

*Holder*, 593 F.3d 638, 641-42 (7th Cir. 2010). The BIA adopted a "comparable grounds" analysis to determine if an alien that was subject to deportation was similarly situated to an alien subject to exclusion proceedings, and thereby eligible for a waiver. *Zamora-Mallari*, 514 F.3d at 685. Under certain circumstances, this included aliens convicted of crimes categorized as aggravated felonies. *Canto*, 593 F.3d at 642; *Zamora-Mallari*, 514 F.3d at 685-86. In 1996, however, Congress repealed § 212(c) and eliminated relief altogether for aliens convicted of aggravated felonies. Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, § 440(d), 110 Stat. 1214, 1277 (1996); Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, 110 Stat. 3009-597 (1996). Nevertheless, an alien such as Mancillas-Ruiz may still be eligible for a waiver if the alien was convicted before the date of § 212(c)'s repeal. *See* 8 C.F.R. § 1212.3(f)(4)-(5); *INS v. St. Cyr*, 533 U.S. 289, 326 (2001).

Because Mancillas-Ruiz was convicted in 1994, the BIA relied on its *In re Brieva-Perez* decision to determine whether Mancillas-Ruiz was otherwise eligible for a waiver. In *Brieva-Perez*, the BIA concluded that an alien who was removable on the basis of his crime being a crime of violence was ineligible for § 212(c) relief because the aggravated felony ground of removal with which he was charged had no statutory counterpart in § 212(a). 23 I. & N. Dec. at 770-73. The BIA reasoned that although there does not need to be perfect symmetry in order to find that a ground of removal has a statutory counterpart in § 212(a), "a closer match" than the "incidental

overlap" between a crime of violence aggravated felony and a crime involving moral turpitude is required. *Id*. at 773. Based on this reasoning, the BIA held Mancillas-Ruiz ineligible for § 212(c) relief. *Id*.

Nevertheless, Mancillas-Ruiz argues that although he is ineligible to apply for relief based on his crime of violence aggravated felony status, he should be allowed to apply on the alternative basis that the government *also* charged that his crimes were crimes involving moral turpitude. Mancillas-Ruiz contends that because he was charged with not one, but two grounds for removal for the same offense, his case is an "exception" to our precedent and use of the statutory counterpart analysis. In essence, Mancillas-Ruiz argues that the IJ or BIA need not engage in the statutory counterpart analysis at all because it can determine that his charge of a crime involving moral turpitude independently provides relief under § 212(c).

We recently addressed this same argument in *De Leon v. Holder*, 334 F. App'x 28 (7th Cir. 2009) (nonprecedential order). Although we recognize that *De Leon* does not constitute precedent, we find the reasoning persuasive and directly on-point. We therefore apply the same reasoning here.

In *De Leon*, the petitioner was convicted of second-degree sexual assault of a child in violation of § 948.02(2) of the Wisconsin Statutes. On that basis, he was determined by the DHS to be subject to removal for having committed a crime of violence aggravated felony, specifically sexual abuse of a minor. He was also charged as

removable for having committed a crime involving moral turpitude for the same offense. *Id*. at 28-29. De Leon argued that despite his charge of having committed a crime of violence, he should still be eligible for a § 212(c) waiver based on his separate charge of having committed a crime involving moral turpitude. *Id*. at 29.

We observed, however, that we have twice upheld the BIA's reasoning—in *Zamora-Mallari*, 514 F.3d at 691-92, and in *Valere*, 473 F.3d at 761-62. *De Leon*, 334 F. App'x at 29-30. In denying De Leon's petition, we explained that so long as the petitioner is removable on a ground that lacks a statutory counterpart in § 212(a), it is irrelevant if the petitioner was also charged on another ground that has a statutory counterpart. *Id*. at 30.

Mancillas-Ruiz's argument fails from the same defect; in fact, to hold otherwise would actually provide a greater benefit to those aliens whose crimes could be considered both crimes of violence and crimes involving moral turpitude. Whether Mancillas-Ruiz might be eligible for a waiver based on his separate charge for crimes involving moral turpitude matters little because that waiver would only apply toward that ground for removal; it would not apply toward his crime of violence ground. Therefore, once the BIA found that Mancillas-Ruiz crime was properly identified as an aggravated felony crime of violence, the only inquiry left was to determine if a substantially equivalent counterpart existed in § 212(a). As previously discussed, there

is none, and we find no reason to depart from our precedent today. Our holding also finds support in the First, Third, and Eighth Circuits, which have all held that it is irrelevant whether an alien's criminal conduct that is categorized as an aggravated felony crime of violence may also be classified as a crime involving moral turpitude. *See Vue*, 496 F.3d at 863; *Caroleo v. Gonzales*, 476 F.3d 158, 168 (3d Cir. 2007); *Kim v. Gonzales*, 468 F.3d 58, 62 (1st Cir. 2006).

We also note that just because the government charged both grounds of removability does not mean that Congress suddenly intended a crime of violence to have a statutory counterpart in § 212(a) or that we should usurp its role in defining exceptions today. Any such determination is better suited for the legislative branch of government. Accordingly, we find Mancillas-Ruiz's argument without merit.

Finally, although Mancillas-Ruiz does not provide anything of the sort in his Statement of the Issues nor his Summary of the Argument, he makes a last-ditch argument in the body of his appellate brief that his equal protection rights were violated by the BIA's dismissal of his appeal because he has a constitutionally protected interest in obtaining a waiver under § 212(c). We see no merit in such an argument because relief under § 212(c) is purely discretionary, *Dashto v. INS*, 59 F.3d 697, 699 (7th Cir. 1995), and there is no protectable interest in discretionary relief, *United States v. Arita-Campos*, 607 F.3d 487, 493 (7th Cir. 2010). Even if he was able to establish that an equal protection right is involved, he

only has a constitutionally protected interest if his crime is one that has a statutory counterpart, which a crime of violence does not. *See Valere*, 473 F.3d at 762.

## III. CONCLUSION

For the foregoing reasons, the petition for review is DENIED.