BOGGS, Circuit Judge,
concurring.
I concur with my colleagues that we are constrained to follow 8 U.S.C. § 1153(d) and 22 C.F.R. § 40.1(a)(2), and thus to affirm the judgment of the district court. I *676 write separately, however, to amplify the district court’s statement that “Turfah must ... petition USCIS for an adjustment of status” in order to become eligible for naturalization. Dist. Ct. Op. 9.
First, it is unclear whether the government believes that (1) because Turfah was not “lawfully admitted” for permanent residency, he was never technically granted LPR status in the first place (even though the government admits that the five-year period in which the government could have rescinded Turfah’s LPR status has expired), or (2) as the majority opinion presumes, Turfah has acquired LPR status (irrevocably so following the expiration of the five-year period) and so is a “lawful permanent resident,” albeit not one who was “lawfully admitted” for permanent residency.
The government has made inconsistent statements about Turfah’s status. In its decision reaffirming the denial of Turfah’s application for naturalization, USCIS writes, “your status is not that of an immigrant, but a nonimmigrant,” implying that Turfah does not even have LPR status, “and you are ineligible for naturalization without being legally admitted for permanent resident status.” Dec. 29, 2014, Decision Letter from USCIS Field Office Dir. to Pet’r, at 1. Before the district court, however, the government argued that “although [Turfah] may not become a naturalized citizen at this time because he was not lawfully admitted for permanent residence, he is still an LPR.” Def.’s Mot. Summ. J. 11. While it is clear that the five-year period in which the government could move to rescind Turfah’s LPR status has expired, it is not clear — based on the US-CIS denial of Turfah’s application for naturalization — that USCIS currently views Turfah as holding LPR status.
Compounding this confusion, the district court made some statements that are consistent with the government’s first position but other statements consistent with the second. For example, the district court cites authority stating that an “alien whose status has been adjusted to lawful permanent resident but who is subsequently determined in an immigration proceeding to have originally been ineligible for that status ... is deemed, ab initio, never to have obtained lawful permanent resident status.” Dist. Ct. Op. 4 (emphasis added) (quoting De La Rosa v. U.S. Dep’t of Homeland Sec., 489 F.3d 551, 554 (2d Cir. 2007)). And the district court states that “[Turfah] must therefore petition [USCIS] for an adjustment of status granting him LPR status, and the government may decide whether it is appropriate to issue this status nunc pro tune, or retroactively.” Id. at 9 (emphasis added). Both of these statements in the district court’s opinion support the proposition that Turfah does not currently have LPR status at all, in addition to not being “lawfully admitted” as naturalization would require.
At the same time, however, the district court describes Turfah’s case with language such as: “any person who has been erroneously granted LPR status, for whatever reason, has not been lawfully admitted for permanent residence.” Id. at 6 (emphases added). This statement is consistent with the lead opinion’s assumption (and with the government’s arguments before the district court and on appeal) that Turfah, though not lawfully admitted, has LPR status that has been wrongly but now irrevocably granted.
The district court counsels Turfah to petition USCIS for an adjustment of status — something that the requisite immigration form (Form 1-485, “Application to Register Permanent Residence or Adjust Status”) styles “an adjustment to permanent resident status” (emphasis added). There is no explicit mechanism for an im *677 migrant who already has LPR status to petition for an adjustment so as to be deemed “lawfully admitted.” Perhaps ironically, then, Turfah might have a path to naturalization only if he can persuade US-CIS both to allow him to file a Form 1-485 (which would possibly require at least a momentary determination that Turfah does not presently have LPR status) and to grant the adjustment so that Turfah would then be deemed “lawfully admitted,” whether retroactively or as of the date of the adjustment.
Regardless of whether USCIS does or does not currently view Turfah as a lawful permanent resident, I would call to the attention of USCIS that the government has conceded “error” in admitting Turfah before Turfah’s father, rather than turning Turfah away when he presented himself for entry and directing Turfah to return when he was “accompanying or following” his father. Def.’s Mot. Summ. J. 10.
In past cases that have been “sufficiently ‘exceptional’ to merit consideration for discretionary relief,” but in which we have been unable to grant such relief, we have not only expressed sympathy with the litigant’s circumstances but also called those circumstances to the attention of the government agency that has the authority to grant relief. See Mason v. Mukasey, 306 Fed.Appx. 897, 900, 902 (6th Cir. 2009) (calling attention to the litigants’ counsel and to the Department of Homeland Security the fact that the petitioner — a Liberian citizen who had fled extreme persecution at the hands of Charles Taylor’s army in Liberia and who had applied for but been denied asylum and other relief in the United States — had lost her opportunity to appeal “through no fault of her own” but rather through the failure of her attorney and the government to notify her of their dismissal of her appeal). Because there appears to be no mechanism by which Turfah can meet the statutory requirement for naturalization other than by petitioning USCIS for an adjustment to be deemed “lawfully admitted,” I would therefore encourage USCIS to use any discretion it has in processing a Form I-485, should Turfah choose to file one, not only to adjust Turfah to “permanent resident status,” if that is necessary, but also to adjust Turfah’s status to “lawfully admitted.”