NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1553

_____

SUKHWINDER SINGH KAILA,

Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA;
SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
ACTING DIRECTOR UNITED STATES CITIZENSHIP AND IMMIGRATION
SERVICES; ACTING DEPUTY DIRECTOR UNITED STATES CIS; ACTING
DIRECTOR UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES;
FIELD OFFICE DIRECTOR NEW JERSEY UNITED
STATES IMMIGRATION AND CUSTOMS ENFORCEMENT

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-20-cv-03145)
District Judge: Honorable Renee M. Bumb

_____

Submitted Under Third Circuit LAR 34.1(a)
on January 17, 2023

Before: AMBRO, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion Filed: February 7, 2023)

**AMBRO**, Circuit Judge.

Sukhwinder Singh Kaila appeals from the District Court's summary judgment against him in this naturalization proceeding under 8 U.S.C.§ 1421(c). We affirm.

I

Kaila is an Indian national who entered the United States without documentation in 1993. **A358–59.** After being apprehended by Border Patrol agents and being provided a translator, Kaila identified himself as "Sukwinder Singh" and signed his name as such four times. **A349, 354, 356, 360.** He was then given an A-number, an Order to Show Cause, and was notified of his removal hearing before being released. **A358–60.**

But Kaila never appeared at the 1994 hearing. Due to his failure to appear, the immigration judge administratively closed his removal proceedings. **A363.** Kaila remained subject to deportation, but the administrative closure meant his case was removed from the calendar until either party filed a re-calendar request.

Kaila filed for asylum in September 1995. **A379–93.** His application, which was filed using his proper last name, Kaila, omitted mention of his previous A-number and denied ever being arrested, in removal proceedings, or previously using aliases. Kaila's

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

application also claimed he first entered the United States in 1995. *Id.* USCIS assigned Kaila a new A-number and later granted him asylum. **A394–96**.

In 1996, Kaila submitted an I-485 Application to adjust his status from asylee to a permanent resident. **A398–404.** In his application, he again did not disclose his previous arrest, removal proceeding, prior A-number, or use of an alias. *Id.* USCIS denied his application because he was living in Canada as a lawful immigrant. **A406–07**.

In 2007, Kaila again sought to adjust his status to a permanent resident, this time submitting an I-485 Application to adjust his status based on a previously approved employment-based immigration petition. **A409–14**. He again failed to mention his previous A-number, arrest, removal proceedings, or previous use of aliases. *Id.* In reviewing his application, USCIS found Kaila's first A-number and arrest and consolidated all his previous A-numbers into one file. **A185 ¶ 13.** Somehow, due to what the Government calls an "administrative oversight," USCIS approved his application in 2011, making him a permanent resident. Ans. Br. at 23. **A409.**

In 2016, Kaila applied for naturalization but was denied by USCIS. **A416.** To be naturalized, one must have been lawfully admitted for permanent residence. *See* 8 U.S.C. § 1429. In USCIS's view, Kaila's previous misrepresentations rendered him unable to show that he was ever *lawfully* admitted for permanent residence. **A442–50**.

3

Kaila filed a complaint in the District of New Jersey to challenge USCIS's denial. The Court entered summary judgment in the Government's favor in November 2021, and Kaila's appeal of that judgment is now before us.[1]

## II

For Kaila to naturalize, he must show that he "has been lawfully admitted to the United States for permanent residence." 8 U.S.C. § 1429. If he was admitted as a permanent resident despite not being entitled to that status, they he was not lawfully admitted. *See Koszelnik v. Sec'y of Dep't of Homeland Sec.*, 828 F.3d 175, 180 (3d Cir. 2016). And Kaila was only lawfully admitted if he received that status "in substantive compliance with the immigration laws." *Id.* at 179–80.

Kaila's case is controlled by the principles we set out in *Koszelnik*. There we explained that an application for permanent residence containing material misinformation fails to conform to substantive legal requirements. *Id.* Accordingly, we affirmed the district court's entry of summary judgment in the Government's favor because the applicant did not disclose his previous A-number and pending order of removal. Like the applicant in *Koszelnik*, Kaila's naturalization petition was denied properly because his application for permanent residence misrepresented his previous A-number, pending order of deportation, and use of aliases.

---

[1] The District Court had jurisdiction under 8 U.S.C. §1421(c) and we have jurisdiction under 28 U.S.C.§ 1291. We exercise plenary review. *See Koszelnik v. Sec'y of Dep't of Homeland Sec.*, 828 F.3d 175, 179 n.5 (3d Cir. 2016).

4

Kaila admits that he misrepresented the above information in his application but contends his misrepresentations were neither material nor willful. We disagree with the former and find the latter irrelevant. The omitted information was material because "it tends to shut off a line of inquiry which is relevant to the alien's eligibility." *Id.* at 180. That USCIS independently discovered the information before approving his application for permanent residence does not alter the fact that he made material misrepresentations. This is so because "an alien whose status has been adjusted to lawful permanent resident but who is subsequently determined in an immigration proceeding to have originally been ineligible for that status has not been 'lawfully admitted for permanent residence.'" *Gallimore v. Att'y Gen.*, 619 F.3d 216, 224–25 (3d Cir. 2010) (quoting *De La Rosa v. DHS*, 489 F.3d 551, 554 (2d Cir. 2007) (per curiam)). Moreover, willfulness is irrelevant to the current inquiry, and we are therefore unpersuaded by Kaila's assertion that his misrepresentation stemmed from his poor language skills rather than bad faith. *See Koszelnik*, 828 F.3d at 180 n.20 (quoting *Injeti v. U.S. Citizenship & Immigr. Servs.*, 737 F.3d 311, 318 (4th Cir. 2013)) (explaining that "an applicant fails to comply with the relevant legal requirements for admission when material information is omitted on his application, 'regardless of whether the misrepresentation on [his] application was willful.'").

Because Kaila was not lawfully admitted for permanent residence, he is ineligible for naturalization, and we affirm.